WILLIAM B. LUCKE, INC., Plaintiff, *v.* G. B. SPIEGEL *et al.*, Defendants and Third Party Defendants-Appellants.—(HI-LITE CONSTRUCTION CO., a division of JO-SU, INC., Defendants and Third Party Plaintiff-Appellee.)

(No. 54598;

First District—December 16, 1970.

Irving B. Ribstein, of Chicago, for appellants.

Richard L. Mandel and Alfred R. Lipton, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Third-party defendants (hereinafter referred to as defendants) appeal from the judgment confirming an arbitration award in favor of third-party plaintiff (hereinafter referred to as plaintiff).

On December 23, 1965, defendants executed a contract with plaintiff

for renovation of certain premises damaged by fire and weather. Article 3 of the contract provided:

"CONTRACT SUM—The Owner [defendants] shall pay the Contractor (plaintiff) for the performance of the Contract subject to the additions and deductions provided therein in current funds, the sum of FORTY EIGHT THOUSAND SIX HUNDRED TWENTY FIVE dollars. ($48,625.00) FINAL CONTRACT PRICE BASED ON TIME & MATERIAL NOT TO EXCEED AMOUNT SHOWN (T & M BASED ON 10% OVERHEAD, 12% PROFIT)"

The contract further provided that any controversy arising out of its terms was to be submitted to arbitration under the Rules of the American Arbitration Association. Pursuant to this provision a controversy as to the balance due plaintiff was submitted to arbitration on September 18, 1967.

During the arbitration of the above matter, William B. Lucke, Inc., a sub-contractor involved in renovation and repair of defendant's premises, filed suit on October 10, 1967, against defendants for moneys due and owing it. Subsequently, plaintiff was made an additional party defendant. Before a final adjudication of the prime cause of action, the arbitrators issued their award in the controversy between plaintiff and defendant. The award provided:

"A. An award in the amount of $17,883.04 is made in favor of the claimant, HI-LITE CONSTRUCTION DIVISION OF JO-SU, INC. (plaintiff), the details of which are as follows:

| | | |
|---|---|---:|
| Contract price | | $48,625.00 |
| Extras allowed | | 26,041.92 |
| | Total | $74,666.92 |
| Less allowances | | —8,721.00 |
| | Remainder | $65,945.92 |
| Payments made by Respondent (defendants) | | $49,257.00 |
| | Total | $16,688.92 |
| Less back charges allowed | | 544.61 |
| | Balance | $16,144.31 |
| Plus 6% interest from March 1, 1967 to November 30, 1968 | | $ 1,738.73 |
| TOTAL amount of Award if paid by November 30, 1968 | | $17,883.04" |

The award further provided that defendants were to pay a reimbursement of $231.12 for plaintiff's advancement of costs plus 6% interest from December 1, 1968, until the award is paid.

On December 31, 1968, plaintiff filed its third-party action against defendants in the pending cause instituted by Lucke. Plaintiff alleged the arbitration award and prayed for judgment thereon. Defendants moved to strike plaintiff's third-party action, but the motion was denied.

On April 10, 1969, the court entered judgment in favor of Lucke and against plaintiff and defendants in the aggregate sum of $2,281.16. Subsequently, on June 20, 1969, the court entered judgment in the third-party action in the amount of $16,607.54[1] thereby confirming the arbitration award in favor of plaintiff and against defendants. Defendants appeal and contend that the court erred in confirming the arbitration award and in failing to vacate it for the following reasons:

    (1) The arbitrators erred in their conclusion as to the amount of the basic contract price in that;
        (a) their conclusion was against the manifest weight of the evidence,
        (b) they disregarded well accepted principles of law, and
        (c) they changed the contract under the guise of interpretation.
    (2) One of the arbitrators was unduly prejudiced.

*OPINION*

The confirmation of arbitration awards is governed by Section 11 of the Uniform Arbitration Act (Ill. Rev. Stat. 1961, ch. 10, par. 111) which provides:

"Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 12 and 13."[2]

Since defendants requested vacation of the award, Section 12 (a) governs and provides:

"Upon application of a party, the court shall vacate an award where:
    (1) The award was procured by corruption, fraud or other undue means;
    (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

---

[1] This amount reflects the reduction in the arbitration award due to the judgment granted Lucke.

[2] Section 13 provides for requests for modification of the award and as such is not pertinent to the instant suit.

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing contrary to the provisions of Section 5,[3] as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2[4] and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award."

Section 12 (d) provides:

"If the application to vacate is denied and no motion to modify or correct the award is pending, the court shall confirm the award."

■■ The limited nature of the grounds for vacation as provided in the current Section 12 is in accordance with the prior development of the law (Historical & Practical Notes, SHA, Ch. 110, § 112) and reflective of the well recognized principle that courts should look with favor upon arbitration as a method of settling controversies. *Brown v. Atwood* (1922), 224 Ill.App. 77; *Cohen v. Myers* (1969), 115 Ill.App.2d 286.

Defendants allege that the trial court erred in rejecting the four grounds specified by them for vacation of the award. Of these four grounds the first three (manifest weight of the evidence, mistake of law, and change of contract under the guise of interpretation) refer to the same alleged miscalculation of the award. The alleged miscalculation is that the arbitrators calculated the basic contract price as a fixed sum rather than on a time and material basis as dictated by the contract wherein it states, "FINAL CONTRACT PRICE BASED ON TIME & MATERIAL NOT TO EXCEED AMOUNT SHOWN."

Initially, we note that defendants failed to introduce evidence in the trial court as to the alleged miscalculation beyond apparent reliance upon the face of the award itself. Defendants maintain that the basic contract price as recited in the award equals the maximum time and materials price in the contract and that since the award makes no mention of the amount of time and materials used to calculate the basic contract price, the award itself evidences the misconception of the arbitrators. Therefore, defendants conclude that the total amount of time and ma-

---

[3] Section 5 pertains to procedures to be followed at the arbitration hearing.

[4] Section 2 pertains to proceedings to compel or stay arbitration.

terial expended on the job could well have been less than the maximum contract price of $48,625.00.

■■ An award need not be set out in great detail to show how the conclusions were reached. *Podolsky v. Raskin* (1920), 294 Ill. 443. Moreover, the mere failure to mention time and materials in the arbitration award can not be deemed definitive of the method of calculation used in arriving at that conclusion. We are aware of no reason why the term "contract price" as used in the award should be given any meaning other than the definition of that term found in the contract itself, namely, time and material with an upset figure of $48,625.00. We also note that plaintiffs have not at any time alleged that the arbitrators refused to hear material evidence of time and materials as would be violative of Section 12 (a) (4).

■■ However, even if defendants had shown that the arbitrators had calculated the award on a fixed sum basis rather than on time and materials as dictated by the contract, the defendants would not be entitled to relief under Section 12. Defendants in complaining of the calculation of the contract price on the award alleged none of the grounds for vacating the award as set forth in that section.

Defendants next contend that since Walter Sobel, one of the arbitrators, as a former employer of Robert Hirsch, defendants' principal witness, the court erred in not vacating the award pursuant to Section 12 (a) (2) which provides that an award should be vacated where there was evident *partiality* by an arbitrator appointed as a neutral.

Hirsch was an architect who worked on the job in question. He testified that he had been hired by Sobel in 1954 to prepare a set of preliminary drawings and that the job took five days. Hirsch also testified that he worked for Sobel as an independent contractor and that he also worked for other architects during this period of time.

■■ The interest or bias of an arbitrator must be direct, definite, and capable of demonstration rather than remote, uncertain, or speculative. *Giddens v. Board of Ed. of City of Chicago* (1947), 398 Ill. 157.

■■ We find that defendants have failed to show the evident partiality required for vacation under Section 12 (a) (2).

Therefore, we affirm the judgment.

Judgment affirmed.

DRUCKER and ENGLISH, JJ., concur.