INDIANAPOLIS PUBLIC TRANSPORTATION CORPORATION,
Plaintiff-Appellant,

v.

AMALGAMATED TRANSIT UNION,
LOCAL 1070, Defendant-Appellee.

No. 2–580A118.

Court of Appeals of Indiana,
First District.

Jan. 19, 1981.
Rehearing Denied Feb. 18, 1981.

William K. Byrum, A. David Stippler, Byrum, Gagnon, Diehl & Stippler, Indianapolis, for plaintiff-appellant.

Edward J. Fillenwarth, Jr., Fillenwarth & Fillenwarth, Indianapolis, Douglas Taylor, Gromfine & Sternstein, Washington, D. C., for defendant-appellee.

ROBERTSON, Judge.

Indianapolis Public Transportation Corporation (Transit), plaintiff-appellant, appeals the granting of summary judgment in favor of Amalgamated Transit Union, Local 1070 (Union), defendant-appellee, in an action to vacate an arbitration award in favor of the union. We affirm the trial court's decision.

Transit is a municipal corporation providing public transportation in Indianapolis, Indiana. Union is the bargaining agent for labor organized employees of Transit. The parties have a collective bargaining agreement and a dispute arose over whether radio control employees were included in the bargaining unit represented by Union. In order to resolve this dispute, the parties began arbitration pursuant to the Indiana Uniform Arbitration Act, *Ind.Code* 34-4-2–1 *et seq.*, on August 1, 1977. A three member arbitration board was selected: a Mr. Gromfine represented Union, Mr. Hock represented Transit, and Mr. Koretz served

as the neutral arbitrator and chairman of the arbitration board. The first meeting of the arbitration board was held on February 2, 1978. The parties were unable to complete the presentation of evidence and the hearing was continued until May 1, 1978. At the time this date was arranged, the parties anticipated that the hearing could be completed on May 1, 1978. In particular, Transit's representatives estimated that they could present all their evidence within one day, however, they were unable to do so and the hearing was continued on May 2, 1978.

When it became apparent on the afternoon of May 1, 1978, that Transit would be unable to finish its presentation of evidence, Mr. Hock, Transit's arbitrator, informed the other board members that he would be unable to attend a May 2, 1978, hearing because of other arbitration commitments. Mr. Hock indicated that his prior understanding was that the hearing would not continue on May 2, 1978, because the other board members were unavailable due to other commitments.

Mr. Hock's perception of these matters was based upon discussions between the various parties on February 2, 1978, at which time Chairman Koretz and Mr. Byrum, Transit's counsel, had anticipated being unavailable beyond May 1, 1978. Mr. Koretz, however, had notified the parties by letter on April 24, 1978, that he had also reserved May 2, 1978, for the Transit-Union hearing if necessary.

Mr. Byrum also expressed his dissatisfaction with the possibility of a continuance to May 2, 1978, and asserted that Transit would be prejudiced by continuing in Mr. Hock's absence. Chairman Koretz nevertheless decided to continue the hearing. At the May 2, 1978 hearing, Mr. Byrum again expressed his displeasure at continuing without Mr. Hock and asserted that his client was prejudiced by Mr. Hock's absence. Chairman Koretz responded that Mr. Byrum could serve as arbitrator in Mr. Hock's absence and thereafter could participate in any of the Board's deliberations.

At the May 2, 1978 hearing, Transit presented the only evidence introduced. Union's counsel conducted cross-examination but presented no rebuttal evidence.

Subsequent to the May 2, 1978 hearing, a preliminary award was prepared and Transit requested an executive meeting of the arbitration board which was held on December 21, 1978. Mr. Hock and Mr. Byrum participated in this meeting. The final award was issued on this date with Mr. Hock dissenting.

On January 8, 1979, Transit initiated this action pursuant to Ind.Rules of Procedure, Trial Rule 57, the Indiana Uniform Declaratory Judgment Act, Ind.Code 34-4-10-1 et seq., and the Indiana Uniform Arbitration Act, IC 34-4-2-1 et seq. Specifically, Transit sought to vacate the arbitration award pursuant to IC 34-4-2-13(a), on the grounds of fraud, corruption, partiality, and the failure of the chairman to postpone the hearing for good cause. The relevant statutory provisions read:

Vacating an award. (a) Upon application of a party, the court shall vacate an award where: (1) The award was procured by corruption or fraud; (2) there was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party; ... (4) the arbitrators refused to postpone the hearing upon sufficient cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 6 [34-4-2-6] of this act, as to prejudice substantially the rights of a party; ...

After various pleadings, both parties filed motions for summary judgment with the trial court granting Union's motion on December 18, 1979.

■ The granting of a motion for summary judgment is of course only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Rules of Procedure, Trial Rule 56(c); Lane v. Barringer, (1980) Ind.App., 407 N.E.2d 1173. A fact is "material" if it tends to facilitate resolution of any of the issues for or against the party having the burden of proof on the issue. A factual issue is "genuine" if it cannot be resolved by reference to the undisputed facts. Stuteville v. Downing, (1979) Ind.App., 391 N.E.2d 629. When entertaining a motion for summary judgment, the evidence before the court should be construed in a light most favorable to the non-moving party. Lane v. Barringer, supra; Tekulve v. Turner, (1979) Ind.App., 391 N.E.2d 673. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. Lane v. Barringer, supra, Hayes v. Second Nat. Bank of Richmond, (1978) Ind.App., 375 N.E.2d 647.

Transit vigorously argues that several issues of material fact should have prevented the granting of Union's motion. Transit contends that there was an issue as to whether Mr. Byrum's remarks to Chairman Koretz were sufficient to constitute an objection and a request for a continuance. Transit also asserts that there was an issue as to whether good cause was shown for the continuance. These issues were resolved to Transit's detriment by the trial court.

We think Transit has missed the essential issue in this case with its argument and it also appears the trial court may have slightly misconstrued the focal point of the case; although, to the extent this occurred it was harmless error because the correct decision was made on Union's motion for summary judgment.

The essential issue in the case at bar, is whether Transit was prejudiced substantially by Chairman Koretz's decision to hold the hearing on May 2, 1978, in Mr. Hock's absence. Even assuming that Mr. Byrum's statements constituted a valid objection and a request for a continuance, and that Mr. Hock's absence was justified and was good cause for a continuance, there is nothing in the record to indicate how Transit was prejudiced substantially by Mr. Hock's absence.

There is instead only Transit's bald assertion of prejudice without more.

Thus, the issue is not whether Chairman Koretz could have granted a continuance, nor simply whether he erred in failing to do so, but rather whether such error, if any, prejudiced substantially Transit's rights.

■ A party who seeks to vacate an arbitration award, under the Uniform Arbitration Act, bears the burden of proving the grounds to set the award aside. *Seppala & AHO–Spear Etc. v. Westbrook Gardens,* (1978) Me., 388 A.2d 88; *Freeport Const. Co. v. Star Forge, Inc.,* (1978) 61 Ill.App.3d 999, 19 Ill.Dec. 57, 378 N.E.2d 558; *Pillot v. Allstate Ins. Co.,* (1977) 48 Ill.App.3d 1043, 6 Ill.Dec. 778, 363 N.E.2d 460.

The clear language of IC 34–4–2–13(a)(4), previously quoted, specifying that a refusal to grant a continuance must be such "as to prejudice substantially the rights of a party," indicates that this burden is a weighty one for a party in Transit's position.

■ This conclusion is in accord with the purpose of the Uniform Arbitration Act, which is to afford parties the opportunity to reach a final disposition of differences in an easier, more expeditious manner than by litigation. *MSP Collaborative v. Fidelity & Deposit Co. of Md.,* 1979 (7th Cir.) 596 F.2d 247; *Pillot v. Allstate Ins. Co., supra.* In order to facilitate this purpose, judicial review of arbitration awards is limited. Thus, an award should only be set aside when one of the grounds specified by the Uniform Arbitration Act for vacation of an award is shown. *MSP Collaborative v. Fidelity & Deposit Co. of Md., supra.*

For example, in the case of *Freeport Const. Co. v. Star Forge, Inc.,* (1978) 61 Ill.App.3d 999, 19 Ill.Dec. 57, 378 N.E.2d 558, an action to vacate an arbitration award due to an arbitrator's partiality, the Appellate Court of Illinois required the challenger to show that the arbitrator had a substantial interest in the outcome of the award; and not merely that the arbitrator and one of the parties had business dealings. *See also, William B. Lucke, Inc. v. Spiegel,* (1970) 131 Ill.App.2d 532, 266

N.E.2d 504 (requiring a direct, definite, demonstrable interest to prove partiality). Likewise, when fraud is alleged, a mere error in judgment as to law or fact will not sustain the burden of proof. The alleged fraud must appear on the face of the award. *Dorre v. County Mut. Ins. Co.,* (1977) 48 Ill.App.3d 880, 6 Ill.Dec. 782, 363 N.E.2d 464.

■ Given the policy underlying the Uniform Arbitration Act, the narrow scope for judicial review of an award, the heavy burden on a party challenging an award, and the statutory language requiring substantial prejudice to a challenger's rights before an award will be vacated, we cannot presume Transit was prejudiced substantially merely because it alleges prejudice. Nor is it reasonable to infer prejudice from the facts. The facts indicate that the only evidence presented at the May 2, 1978, hearing was Transit's. Thus, Mr. Hock did not miss the presentation of crucial evidence with which he was unfamiliar. Additionally, Mr. Hock did not serve as Transit's counsel and was not responsible for presenting Transit's evidence. Mr. Byrum performed this task so the presentation was not hampered by Mr. Hock's absence. The transcript of the hearing was available to Mr. Hock for examination prior to further negotiations. Furthermore, Mr. Hock was not prevented from acting as Transit's arbitrator in any subsequent negotiations and, in fact, he did participate, including the executive session, which he requested.

We also note that the Indiana Uniform Arbitration Act contemplates a valid award even if one arbitrator has ceased to function entirely, a situation much more extreme than the case at bar. *See, Ind.Code* 34-4 2 6.

Therefore, we do not see how Transit was prejudiced substantially by the continuance of the hearing to May 2, 1978.

Regarding Transit's other allegations of error, that the award was the result of fraud or partiality, the criteria set forth in *Freeport Const. Co., supra,* concerning partiality, and in *Dorre v. County Mut. Ins.*

*Co., supra,* concerning fraud, clearly indicates that these assertions are without merit.

Thus, we find no error in the trial court's decision granting summary judgment in favor of Union. The judgment of the trial court is affirmed.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.