**FORT WAYNE COMMUNITY SCHOOLS, Appellant (Plaintiff Below),**

v.

**FORT WAYNE EDUCATION ASSOCIATION, INC., Appellee (Defendant Below).**

No. 4–585A123.

Court of Appeals of Indiana, Fourth District.

Feb. 10, 1986.

Publication Ordered March 26, 1986.

William L. Sweet, Jr., Thomas A. Herr, Barrett, Barrett & McNagny, Fort Wayne, for appellant.

Richard J. Darko, Janet C. Knapp, Tabbert & Capehart, Indianapolis, Frederick R. Tourkow, Tourkow, Crell, Rosenblatt & Johnston, Fort Wayne, for appellee.

CONOVER, Judge.

Plaintiff-Appellant, Fort Wayne Community Schools (District), appeals the grant of summary judgment favoring Defendant-Appellee, Fort Wayne Education Association (Association) in an action to vacate an arbitration award in favor of the Association.

We affirm.

ISSUES

District raises three issues for our review which we consolidate and restate as follows:

1. whether the arbitration award should be vacated pursuant to IND.CODE 34-4-2-13(a)(2) and IND.CODE 34-4-13(a)(4) because the arbitrator allegedly slept while school district witness testified, and

2. whether the arbitrator's decision should be vacated, IND.CODE 34-4-2-13(a)(3) or modified, IND.CODE 34-4-2-14(a); IND.CODE 34-4-2-10, if he in fact exceeded his authority under the collective bargaining agreement by failing to specify a particular contract provision violation.

FACTS

Association is a bargaining agent for teachers in the Fort Wayne School District. The parties have a collective bargaining agreement, under which unresolved grievances are submitted to arbitration. A dispute arose over the adjustment of class size in the school district. District took the position any adjustment in class size should be made within two weeks of the official enrollment date. Association took the position the two week period was a valid starting point but classes should be reorganized, when necessary, throughout the entire school year.

Chief negotiators for each party were present at the hearing. Each party also presented witnesses to support their positions. One District witness was Dr. Charles Welch, District Director of Elementary Education. Several witnesses claimed the arbitrator slept when Dr. Welch testified about class size adjustment. Dr. Welch's affidavit indicates he was aware of the arbitrator's inattentiveness and tried unsuccessfully "by means of gestures" to make District's attorney aware of the sleeping. Dr. Welch informed the attorney of the arbitrator's sleeping after the hearing was completed.

The arbitrator ruled in favor of the Association, finding in pertinent part:

I have reviewed testimony, evidence and arguments of the parties and have carefully considered the pertinent contract provisions. There is no written evidence of any agreement between the parties such as is alleged by the Board which covers the Board's contention that the provisions of paragraph D. 3., are intended to limit the adjustment of class sizes only to the two week period mentioned therein. I am impressed by the Association's argument that it would seem impractical to negotiate a 4% variance limit to apply only to a two week period during the school year. I also do not find any evidence in the record of a consistent practice limiting such adjustments to that two week period because apparently there were few situations were (sic) class sizes exceeded the limitations later in the school year during the test periods involved.

There is logical support for the contention of the Association that the class size language was negotiated for a full contract year and not just for a two week period. In fact, a reading of paragraph D. 3., does not necessarily lead to a conclusion that the adjustments mentioned therein are necessarily limited only to the two week period. While it does provide that the adjustments shall take place within two weeks after the official enrollment date there is no specific language indicating that those adjustments may only take place during that period or that they are limited solely to that period. It is more logical to assume that the two week period mentioned therein was set out as a period where the adjustments should be initiated without delay.

District then filed suit in the Allen Circuit Court to have the award vacated. Association filed a counterclaim seeking confirmation of the award. Both parties filed motions for summary judgment.

District claims it did not receive a fair hearing because the arbitrator slept during the testimony of Dr. Welch. It further claimed the award should be vacated or modified because the arbitrator failed to specify any contract violation intended by the parties to be a specific limitation on the board's authority.

Association claims District has failed to satisfy the requirements of IND.CODE 34–4–2–13(a) for vacating an arbitration award if the arbitrator was in fact sleeping during Dr. Welch's testimony. They further claim pages 2 and 3 of the award state specific limitation under the Master Contract, making District's second contention meritless.

The trial court granted summary judgment for Association and District appeals.

## DISCUSSION AND DECISION

### I. *Summary Judgment*

Our standard of review on a motion for summary judgment is well known and oft repeated. When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. The purpose of summary judgment is to expedite litigation which presents no genuine factual dispute. *Indiana University Hospitals v. Carter* (1983), Ind.App., 456 N.E.2d 1051, 1053.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1306.

Although we liberally construe all evidence in favor of the nonmovant and resolve any doubt as to the existence of the genuine issue against the proponent, *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729, the party opposing the motion must present adequate factual evidence to controvert the moving party's declaration no factual dispute exists. *Matter of Estate of Belanger* (1982), Ind.App., 433 N.E.2d 39, 42.

Summary judgment may be appropriate where there is no dispute regarding facts

which are dispositive and the moving party is entitled to judgment as a matter of law. *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042, 1044.

## II. *Arbitrator's Misconduct*

District claims summary judgment for Association was improper because an issue exists as to whether or not the arbitrator slept during Dr. Welch's testimony. They further claim if the arbitrator did sleep during Dr. Welch's testimony, they received an unfair hearing and were therefore prejudiced. We disagree.

Although we do not condone the alleged sleeping of the arbitrator in this case, the fact he possibly slept is not dispositive here. An arbitrator's award may be set aside only for grounds specified in section 13(a) of the Indiana Uniform Arbitration Act. IND.CODE 34-4-2-13(a). *International Brotherhood, etc. v. Citizens Gas & Coke Utility* (1981), Ind.App., 428 N.E.2d 1320, 1325. A party who seeks to vacate an arbitration award under the Uniform Arbitration Act bears the burden of proving the grounds to set the award aside. *Indianapolis Public Transportation Corp. v. Amalgamated Transit Union, Local 1070* (1981), Ind.App., 414 N.E.2d 966, 969.

■ The burden is heavy for one asserting a section 13(a) violation. In *Indianapolis Public Transportation, supra,* Judge Robertson stated:

> This conclusion is in accord with the purpose of the Uniform Arbitration Act, which is to afford parties the opportunity to reach a final disposition of differences in an easier, more expeditious manner than by litigation. *MSP Collaborative v. Fidelity & Deposit Co. of Md.,* (1979) (7th Cir.) 596 F.2d 247; *Pillot v. Allstate Ins. Co., supra.* In order to facilitate this purpose, judicial review of arbitration awards is limited. Thus, an award should only be set aside when one of the grounds specified by the .Uniform Arbitration Act for vacation of an award is shown. *MSP Collaborative v. Fidelity & Deposit Co. of Md., supra.*

414 N.E.2d at 969. Under section 13(a)(2) District must not only show the action of the arbitrator constituted misconduct, they must further show prejudice resulting from the misconduct. The showing of prejudice must be more than a mere allegation in order to meet the. strict requirements of 13(a)(2). *See Indianapolis Public Transportation, supra,* 414 N.E.2d at 969. Nor is it reasonable to infer prejudice from the facts. *Id.* Thus, because our review is limited, the party alleging prejudice must affirmatively show how he is in fact prejudiced. Further, as a party opposing summary judgment he must set forth *specific facts* showing there is a genuine issue for trial. Ind.Rules of Procedure, Trial Rule 56(E). District has failed to affirmatively show how it in fact was prejudiced under sections 13(a)(2) and 13(a)(4).

Comparing the affidavit of Dr. Welch and the decision of the arbitrator we find the substance of the documents substantially similar. Also, we note Dr. Welch was only one of several witnesses who testified on class size adjustment for District.

■ An arbitrator's award is enforceable so long as it draws its essence from the collective bargaining agreement. *Ethyl Corp. v. United SteelWorkers of America* 768 F.2d 180 (7th Cir.1985). An arbitrator is not restricted to evidence submitted by the parties in making his decision, but may base his decision on his own knowledge and expertise. *International Brotherhood, supra,* 428 N.E.2d at 1326.

■ Given this standard and the facts presented, the trial court did not err in granting summary judgment for Association on this issue. *See, Sink & Edwards, Inc. v. Huber, Hunt & Nichols* (1984), Ind. App., 458 N.E.2d 291, 296.

## III. *Arbitrator Exceeding His Authority*

District next claims the arbitrator's award should be modified or vacated because he did not specify any violation of a contract provision intended to be a specific limitation on the Board's authority.

Article II, Part B of the collective bargaining agreement states:

It is agreed that any grievance which involved the exercise of such rights, responsibility or authorities *shall not be subject to binding arbitration except to the extent that the grievance involves an alleged violation of a specific provision* of this master contract intended by the parties to be a specific limitation on the board's rights, responsibility and authority (emphasis added).

 District's argument is without merit. The arbitrator's decision clearly shows the specific provision in the master contract which is applicable to the dispute. By the agreement's terms, the arbitrator had the authority to render a binding decision. Since arbitration arises through contract, the parties are essentially free to define for themselves what questions may be arbitrated, the remedies the arbitrator may afford, and the extent to which the decision must conform to general principles of law. *School City of East Chicago v. East Chicago Federation of Teachers, Local No. 511 A.F.T.* (1981), Ind.App., 422 N.E.2d 656, 662.

Accordingly, we find no reason to vacate or modify the award. The trial court is in all things affirmed.

YOUNG, P.J., and MILLER, J., concur.