LIGON NATIONWIDE, INC., Plaintiff,

v.

Alton BEAN d/b/a Alton Bean Trucking Company, Defendant.

No. EV 91–6–C.

United States District Court, S.D. Indiana, Evansville Division.

March 21, 1991.

Jeffrey R. Kinney, Bamberger Foreman Oswald & Hahn, Evansville, Ind., for plaintiff.

William R. Whitledge, Madisonville, Ky., for defendant.

MEMORANDUM

BROOKS, Chief Judge.

I.  INTRODUCTION

Plaintiff and defendant are parties to a Hauling Agreement executed on October 20, 1987. Through that agreement defen-

dant contracted to haul commodities for the plaintiff.

Clause 15 of that contract calls for the application of Indiana law in the event of a disagreement between the parties. Clause 17 reads, in part:

ARBITRATION. All disputes and controversies of every kind and nature between the parties hereto arising out of or in connection with this Agreement or any prior Hauling Agreement as to the existence, construction, validity, interpretation or meaning, performance, non-performance, enforcement, operation, breach, continuance, or termination thereof shall be submitted to arbitration pursuant to the following procedure:

\* \* \* \* \* \*

E. The award of the majority of the arbitrators shall be binding on the parties hereto although each party shall retain the right to appeal any questions of law arising at the hearing and judgement may be entered thereon in any court having jurisdiction.

F. Each party expressly agrees that any dispute or controversy under this Agreement shall be resolved solely by arbitration under this Paragraph 17. Such arbitration or failure to arbitrate shall operate as a total bar to any other remedy or proceeding.

It is undisputed that the parties became involved in a dispute concerning this contract. Equally uncontroverted is the fact that the parties submitted to arbitration to resolve their dispute.

Prior to the initiation of arbitration, defendant filed a civil cause of action in the Hopkins Circuit Court, Madisonville, Kentucky (Cause No. 88–CI–582), concerning the matter which underlies the case at bar. By order dated March 13, 1990 the Honorable Thomas B. Spain of the Hopkins Circuit Court ordered Alton Bean (the defendant herein, but plaintiff in the state court action) to initiate arbitration proceedings and stayed Cause No. 88–CI–582 "pending the outcome of said arbitration proceedings and any appeal therefrom."

This action was initiated by the plaintiff on January 11, 1991 by the filing of a Motion to Vacate or Modify Arbitration Award. The plaintiff alleges that as a matter of law, and thereby an appeal to this Court is permitted under Clause 17 of the Hauling Agreement, the arbitrators exceeded their authority. The defendant responded to that petition by filing a Motion to Dismiss, pursuant to F.R.Civ.P. 12(b)(1) on January 31, 1991. Subsequently, on February 19, 1991, the plaintiff filed a Motion for Stay of Arbitration Proceedings.

## II. THE FINALITY ISSUE

It is the contention of the defendant that this Court should abstain from exercising jurisdiction because of the pending state court action. The plaintiff asserts that since the state court action has been put into abeyance pending the completion of arbitration and any appeals therefrom that there is no issue concerning a concurrent state court action. The plaintiff further asserts that it has presented a question of law which may be appealed under the contract. The Court does not agree entirely with either view.

The contract does not state when appeal should be taken. It simply provides that "The award of the majority of arbitrators shall be binding on the parties hereto although each party shall retain the right to appeal any questions of law arising at the hearing and judgement may be entered thereon in any court having jurisdiction." This provision encompasses two requirements which must be met before an appeal may be brought: (1) There must be an award by a majority of the arbitrators and (2) there must be a question of law arising at the hearing.

Herein, there has been no "final award" by an arbitration panel. This appeal is from two arbitration decisions, dated October 17, 1990 and November 29, 1990. See Exhibits B and C to plaintiff's petition. In the October 17, 1990 order the arbitrators found that Bean had timely filed its request for arbitration. Through the November 29, 1990 decision the arbitrators permitted Bean to change its claim of October 31, 1990, over the objection of Ligon.

The parties appear to agree that these two decisions concern "questions of law."

However, neither party has addressed the first issue: Has there been an award?

In its petition the plaintiff claims jurisdiction is conferred by both 28 U.S.C. § 1332 and 9 U.S.C. § 10. The plaintiff vehemently disagrees with the defendants characterization of this cause of action as a contract dispute. Rather, the plaintiff characterizes this as a suit to vacate or modify an arbitration award (see Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Or, in the Alternative, for Stay for Proceedings, filed February 19, 1990). However, this Court must find its authority to modify or vacate such an award either through a contract, properly brought as a diversity action, or through the Federal Arbitration Statute, found at 9 U.S.C. § 1 et seq. Section 10 of that statute reads, in relevant part:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> \* \* \* \* \* \*
>
> (d) When the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Clearly, under this statute, district courts may only vacate "final arbitration awards." For this statute to apply, the contract must evidence a transaction involving commerce. Without a showing of commerce the federal arbitration law is inapplicable.

Even if the contract does not evidence a transaction involving commerce, a party may establish federal court jurisdiction if the requirements of diversity jurisdiction are met. However, if diversity jurisdiction is relied upon to establish jurisdiction over an arbitration dispute, then state law must be applied. *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777 (3rd Cir.1975).

Even though the plaintiff may not agree with the defendant's precise formulation of the issue involved—the case at bar is either an attempt to modify or vacate an arbitration award under state contract law—or under federal arbitration law. The plaintiff has asserted both. It does not matter which is applied, as the result is the same for both.

Indiana has adopted the Uniform Arbitration Act, codified at I.A.C. 34-4-2-1, et seq. Section 34-4-2-13(a) provides for court vacation of arbitration awards. An award which exceeds the authority of the arbitrators is one of the enumerated reasons that an award may be vacated under the Uniform Act.

In *Indianapolis Public, etc. v. Amalgamated, etc.*, 414 N.E.2d 966, (Ind.App. 1 Dist.1981) the Indiana Court of Appeals stated that the purpose of the Uniform Arbitration Act is to "afford parties the opportunity to reach a *final* disposition of differences in an easier, more expeditious manner than by litigation." Id. at 969 (emphasis added).

The Federal Arbitration Act explicitly requires that an award be final before a district court has jurisdiction to vacate it. The issue of finality of arbitration awards was addressed in *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2nd Cir. 1980), where that Court stated:

> As the district court noted, the award under review here "does not purport to be final but is merely a first step in deciding all claims submitted to arbitration." In order to be "final," an arbitration award must be intended by the arbitrators to be their complete determination of all claims submitted to them.... Generally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages.

Id. at 414–415. Without question, the two "awards" appealed herein are not final. They do not decide either liability or damages; their nature is purely procedural and precursory to a final arbitration.

What the plaintiff has brought, in essence, is an interlocutory appeal. "Most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court." Id. at 414. The purpose of arbitration is the speedy and inexpensive resolution of disputes. Review of nonfinal

arbitration decisions by district courts would "disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation." *Mobil Oil Indonesia Inc. v. Asamera,* 43 N.Y.2d 276, 282, 401 N.Y.S.2d 186, 188, 372 N.E.2d 21, 23 (1977). Whether under Indiana law or the law of the United States, the purpose of the arbitral process is the same and that purpose is undermined by interlocutory judicial intervention.

## III. THE ORDER

The *Michaels* Court held that dismissal of a premature appeal from an arbitration is the appropriate remedy. This is the remedy, albeit for another reason, that the defendant has requested. Accordingly, the defendant's motion to dismiss is GRANTED. The plaintiff's motion for stay of arbitration proceedings is DENIED.

As the *Michaels* Court recognized, this dismissal does not preclude the plaintiff from refiling after the arbitration process has run its course.

IT IS SO ORDERED.