DELTA BUILDING GROUP, INC.,
Appellant/Interpleader
Defendant,

v.

Michael A. LAURENZANO and Livia
A. Laurenzano, Appellees/Inter-
pleader Plaintiffs,

and

Newcomer Lumber and Supply Co., Inc.,
ILLG Construction, Cline Excavating,
Thermocore Panel Systems, Window
One, and Suburban Steel Company,
Appellees/Interpleader Defendants.

Newcomer Lumber & Supply Co.,
Inc. Appellee–Plaintiff,

v.

Delta Building Group, Inc.

and

Michael A. Laurenzano and Livia
A. Laurenzano, Appellees–
Defendants.

Window One, Appellee/Cross–Plaintiff,

v.

ABN Amro Mortgage Group, Inc.,
Appellee/Cross–Defendant.

Thermocore Panel Systems,
Appellee/Cross–
Plaintiff,

v.

ABN Amro Mortgage Group, Inc.,
Appellee/Cross–Defendant.

No. 55A04–0611–CV–653.

Court of Appeals of Indiana.

Sept. 28, 2007.

Brian C. Maier, Brian C. Maier, P.C., Indianapolis, IN, Attorney for Appellant.

Shiv Ghuman O'Neill, Mark A. Voigtmann, Baker & Daniels, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Delta Building Group, Inc. ("Delta") appeals the trial court's finding in favor of Michael A. Laurenzano and Livia A. Laurenzano (collectively "the Laurenzanos") on their complaint for interpleader. We affirm.

### Issue

The dispositive issue is whether the trial court violated the Uniform Arbitration Act ("the UAA") by improperly modifying or vacating a prior arbitration award.

### Facts and Procedural History

The Laurenzanos contracted with Delta for the construction of a home in Morgan County. They entered into a contract which provided in relevant part as follows: "All claims or disputes between [Delta] and the [Laurenzanos] arising out of, or relating to, the Contract Documents or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining [sic].... The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with the applicable law in any court having jurisdiction thereof." Appellant's App. at 143–44.

In November 2003, the Laurenzanos fired Delta and initiated an arbitration proceeding. Soon thereafter, the Laurenzanos's lender approved a distribution to Delta in the amount of $55,997.80. After receiving letters from the Laurenzanos's counsel, the lender refused to release the money to Delta.

Suppliers and subcontractors on the Laurenzanos's house included Newcomer Lumber and Supply Co., Inc., ILLG Construction, Cline Excavating, Thermocore Panel Systems, Window One, and Suburban Steel Company. On December 23, 2003, Window One filed a notice of intent to hold mechanic's lien. On December 30, 2003, Newcomer sent notice of personal liability to the Laurenzanos pursuant to Indiana Code Section 32–28–3–9. On February 10, 2005, Newcomer filed a complaint against Delta and the Laurenzanos.

At the arbitration hearing, Delta offered an exhibit listing the amounts it owed to various subcontractors—including $28,273.87 to Newcomer Lumber, $6,490.00 to Thermocore, and $15,786.16 to Window One—for work authorized prior to the termination of the construction contract. Appellant's App. at 113. On May 4, 2005, following a two-day arbitration hearing, the arbitrator awarded the Laurenzanos $39,370.00, and he awarded Delta $81,200.10, resulting in a net amount of $41,830.10 owed by the Laurenzanos to Delta. The arbitrator ordered the Laurenzanos to pay this amount to Delta within thirty days.

Pursuant to Rule 47 of the Construction Industry Arbitration Rules of the American Arbitration Association, the Laurenzanos and Delta each filed a request for modification of the arbitrator's award. The Laurenzanos's submission included the following request:

5. Newcomer Lumber has filed suit against Delta and the Laurenzanos and Window One has placed a lien on the Laurenzanos' home. In order to prevent further litigation related to the contract between the Laurenzanos and Delta and to allow the Laurenzanos to move forward with the construction of their home, the Laurenzanos respectfully request a clarification of the Award that the net amount paid to Delta is to be applied to the amounts owed to Newcomer Lumber and Window One (by direct payment to those companies).

Appellants' App. at 221.

In its June 29, 2005, order regarding requests for modification, the arbitrator

recalculated the net amount owed by the Laurenzanos to Delta as follows:

A. The Laurenzanos are entitled to recover the total amount (including credits) of $35,514.00.

B. Delta is entitled to recover $81,318.01.

C. The net amount the Laurenzanos owe Delta is $45,804.01.

*Id.* at 57. Again, the arbitrator ordered the Laurenzanos to pay Delta the net amount within thirty days of the date of its order. The arbitrator's order also stated, "All other requests for modification are hereby denied as being outside the scope of modifications permitted under Rule R–47[,]" and "All other provisions of the original Award not expressly modified by this Order shall remain in full force and effect." *Id.* at 56, 57.

The Laurenzanos did not pay Delta. Rather, on August 1, 2005, they filed in the trial court a complaint for interpleader against Delta and the suppliers and subcontractors. In the complaint, the Laurenzanos stated their intent to deposit the arbitration award amount with the trial court. They asked the court to order Delta and the suppliers and subcontractors to assert their respective claims against the Laurenzanos and against each other, to enjoin all the defendants from initiating or prosecuting any claims in connection with this construction project, to adjudge the claims of those parties seeking any portion of the award amount, and to discharge the Laurenzanos from any further liability in connection with this project. The Laurenzanos also filed a motion to consolidate their action with the action previously filed by Newcomer against Delta and them. On August 29, 2005, the trial court consolidated the two cases.

On August 30, 2005, Delta filed its answer and affirmative defenses to complaint for interpleader. Window One filed an answer to the Laurenzanos complaint, which included a counterclaim against the Laurenzanos to foreclose its mechanics lien. The Laurenzanos filed their motion for summary judgment and for leave to deposit funds and for discharge, which included a motion for summary judgment against Newcomer and partial summary judgment as to Window One's claim for attorney fees on its mechanics lien.

On September 30, 2005, pursuant to the Uniform Arbitration Act, Delta filed with the trial court its motion to confirm arbitration award. Delta also filed a motion for summary judgment as to the Laurenzanos's complaint for interpleader. On October 6, 2005, the trial court set the Laurenzanos's motion for summary judgment for hearing on December 21, 2005. The next day, the trial court also set Delta's motion to confirm arbitration award against the Laurenzanos "along with all other pending matters" for hearing on December 21, 2005. *Id.* at 285. In the Laurenzanos's response to Delta's motion to confirm arbitration award, they stated in relevant part: "[C]ontrary to Delta's assertions, the Laurenzanos are not seeking to vacate or correct the Arbitration Award. The admit they owe $45,804.01 (the 'Award Amount') as payment for work done on their home and want this Court to confirm that their interpleading the exact amount of Award Amount will fully absolve them from liability." *Id.* at 182.

On October 13, 2005, Window One filed a motion for summary judgment, an objection to Delta's motion for summary judgment, and an objection to the Laurenzanos's motion for partial summary judgment. On October 28, 2005, Newcomer filed a motion for summary judgment and a motion in opposition to the motions for summary judgment filed by Delta, the Laurenzanos, and Window One. On November 3, 2005, the Laurenzanos filed

their response to Delta's motion for summary judgment and Window One's countermotion for summary judgment. On November 8, 2005, Window One filed its response to Newcomer's motion for summary judgment. On November 14, 2005, Delta filed its response to Window One's motion for summary judgment. On November 18, 2005, Window One filed its reply to Delta's response to Window One's motion for summary judgment. On November 30, 2005, Delta filed its response to Newcomer's motion for summary judgment. On December 1, 2005, Delta filed its response to Newcomer's motion for summary judgment. On December 15, 2005, Thermocore filed its cross-claim.

On December 21, 2005, the trial court heard argument on all pending matters and then took them under advisement. On December 23, 2005, the Laurenzanos paid the net arbitration award of $45,804.01, plus interest in the amount of $76.39, to the Morgan County Clerk.

On March 28, 2006, the trial court issued its order, stating in pertinent part:

At issue are numerous summary judgments, all of the defendants requesting that Delta and or [the Laurenzanos] pay them monies, which are due from the construction project, and [the] Laurenzanos request that they be absolved from any further liability. Most of these complaints revolve around an award of arbitration issued by an arbitrator on May 4th, 2005, Jerome O. Pitt, arbitrator, and modified on June 29th, 2005 by the arbitrator.

The arbitrator balanced off equities and debts owing each party between Delta and [the Laurenzanos] and ordered that [the Laurenzanos] pay Delta Forty-five thousand, eight hundred and four dollars and one cent ($45,804.01). In looking at [the Laurenzanos's] motion for summary judgment under affidavit of Shiv O'Neill,

is an accompanied document entitled Laurenzano Project Draw No. 3. In that document it sets out the amount of money owed each of the defendant subcontractors under draw 3 to be paid by [the Laurenzanos] to Delta. In that exhibit Illg Construction was due Seven Thousand ($7,000.00), Cline Excavating was due Five thousand two hundred eighty four dollars ($5,284.00); Newcomer Lumber was due Twenty-eight thousand, two hundred seventy-three dollars and eighty-seven cents ($28,273.86); Thermocore was due Six thousand, four hundred ninety dollars ($6,490.00); Window One was due Fifteen thousand, seven hundred eighty-six dollars and sixteen cents ($15,786.16), Suburban Steel Company was due One thousand, three hundred sixty five dollars and forty-six cents ($1,365.46), and Delta Building Group was due Seven thousand, five hundred twenty-five dollars and fifty-two cents ($7,525.52). That came to a total of Seventy thousand, two hundred and thirty-eight dollars and twenty-one cents ($70,238.21). From that was subtracted a balance from a previous draw of One thousand, five hundred fourteen dollars and twenty-four cents ($1,514.24) leaving a balance now due of Sixty-eight thousand, seven hundred and twenty-three dollars and ninety-seven cents ($68,723.97). That number is within one hundred dollars ($100.00) of the arbitrator's findings due Delta in it's modified order of June 29th, 2005.

Therefore, it is obvious to the Court that under the arbitration clause of the contract that all of the defendants and Newcomer Lumber, as plaintiff, amounts due were rolled into the arbitrator's award. If not for the arbitrator's deduction for what he found [the] Laurenzanos were due from Delta, the total amount would have been available for Delta to pay all

the construction subcontractors and suppliers their due. Because of the deduction for Delta's wrongdoings as found by the arbitrator, Delta's due has been deducted to an amount of Forty-five thousand, eight hundred and four dollars and one cent ($45,804.01). That amount [the Laurenzanos have] paid into the Court under the interpleader action. Because of the arbitrator's findings all of the defendant subcontractors must seek their compensation from Delta and not from [the Laurenzanos] as to the amounts found by the arbitrator.

*Id.* at 12–13.

On April 25, 2006, the trial court issued an order clarifying that its prior order was not a final order in the case. On May 11, 2006, Window One, Newcomer, and Thermocore jointly filed their agreed stipulation regarding the distribution of the funds held by the Morgan County Clerk. The stipulation provided that Newcomer should receive 57%, Window One should receive 33%, and Thermocore should receive 10% of the $45,880.40, deposited by the Laurenzanos.

On August 11, 2006, Newcomer filed a notice of submittal of proposed order. On August 17, 2006, the trial court issued an order adopting Newcomer's order. The order stated that because Newcomer was the only subcontractor or supplier that had served notice of personal liability upon the Laurenzanos pursuant to Indiana Code § 32–28–3–9, "Newcomer alone has first priority to the funds that have been paid into the court." Appellant's App. at 18. The trial court awarded to Newcomer its principal claim amount of $28,167.39, plus interest in the amount of $15,938.19, for a total of $44,105.58. The trial court ordered that the remaining balance of the funds held by the Morgan County Clerk—$1,774.82—be distributed between Window

One and Thermocore by the percentage of each of their claims.

Shortly thereafter, the Laurenzanos, Window One, and Thermocore filed a joint motion to enforce stipulation which requested the court to enforce the agreed stipulation of Newcomer, Window One, and Thermocore. On September 18, 2006, Delta filed its motion to correct error. On October 4, 2006, the trial court granted the joint motion to enforce stipulation and ordered that the funds be redistributed as follows: 57% to Newcomer, 33% to Window One, and 10% to Thermocore. On October 13, 2006, the trial court denied Delta's motion to correct error. This appeal ensued.

**Discussion and Decision**

Delta claims that the trial court violated the UAA by improperly modifying and/or vacating the arbitration award in the instant case. The Laurenzanos counter that they never intended to challenge the arbitration award and that the trial court's orders "simply enforce[d] the arbitration award and protect[ed] the Laurenzanos from multiple liability." Appellee's Br. at 8. We agree.

In 1969, Indiana adopted the Uniform Arbitration Act, which is contained within Indiana Code Sections 34–57–2–1 to –22. The purpose of the Act is to afford parties the opportunity to reach a final disposition of differences in an easier, more expeditious manner than by litigation. *Indianapolis Public Transp. Corp. v. Amalgamated Transit Union, Local 1070*, 414 N.E.2d 966, 969 (Ind.Ct.App.1981). To facilitate this purpose, judicial review of arbitration awards is limited. *Id.* Generally, the statute requires the trial court to confirm an arbitration award upon request, unless one of the grounds specified by the UAA is shown. *See id.; see also* Ind.Code Section 34–57–2–12 ("Upon application of a party, but not before ninety (90) days after

the mailing of a copy of the award to the parties, *the court shall confirm an award,* unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13 and 14 of this chapter.")(emphasis added).

Delta argues that the Laurenzanos's complaint for interpleader was essentially a motion to vacate or modify the arbitration award because it asked the trial court to decide to whom the arbitration award should be paid when the arbitrator had already ordered the award paid to Delta. Because the Laurenzanos did not show (or even allege) any of the statutory grounds for modifying or vacating an arbitration award, Delta claims that their interpleader action must fail.

In fact, the Laurenzanos do not dispute that their contract with Delta contained a binding arbitration clause and that the UAA applies to the arbitration award in this case. Rather, they argue that they sought only to enforce the arbitration award and that the trial court's orders did just that. In other words, the Laurenzanos did not object to the arbitration award of $45,804.01, and in fact requested the trial court's permission to deposit that amount with the Morgan County Clerk in satisfaction of the arbitration judgment. The Laurenzanos simply wanted to protect themselves from multiple liability and therefore filed a complaint for interpleader.

■ Pursuant to Indiana Trial Rule 22, [p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. "Interpleader" is a suit in equity. Because the sole basis for equitable relief to the stakeholder is the danger of exposure to double liability or the vexation of conflicting claims, the stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader. *Indianapolis Newspapers, v. Indiana State Lottery Com'n,* 739 N.E.2d 144, 152 (Ind.Ct.App.2000), quoting *Indianapolis Colts v. Mayor and City Council of Baltimore,* 741 F.2d 954, 957 (7th Cir.1984), *cert. denied* (1985).

According to Indiana Trial Rule 22(C):

A complaint or answer seeking interpleader under Rule 22(A) is sufficient if:

(1) it admits that a liability is owing or it states that a totally or partially unfounded liability is asserted to be owing to either one or more of the parties interpleaded;

(2) it declares that because of such claims the person seeking interpleader is or may be exposed to double or multiple liability; and

(3) it prays that the parties interpleaded assert their claims against the party seeking interpleader and against each other.

The Laurenzanos's complaint for interpleader satisfied all three of these requirements. Clearly, the Laurenzanos were exposed to double or multiple liability here. If the Laurenzanos paid the full arbitration award to Delta as ordered by the arbitrator, and if Delta failed to pay the subcontractors and/or suppliers the amounts owed them, those subcontractors and/or suppliers would likely seek payment from the Laurenzanos, who had in fact already satisfied those claims in their payment to Delta. Therefore, we agree with the Laurenzanos that the trial court's orders enforced the arbitrator's award and distributed it so as to protect the Laurenzanos from multiple liability as to these

particular funds.[1] In sum, we see no error in the trial court's decision to find in favor of the Laurenzanos on their complaint for interpleader.

Delta also contends that the trial court erred in determining that Newcomer, Window One, and Thermocore have priority over its attorneys' lien on the funds. As the Laurenzanos point out, however, the arbitrator specifically denied the parties' claims for attorney fees, and therefore these amounts were not considered in the arbitration award calculation. Therefore, Delta's counsel does not have a legal claim to the funds at issue here. The recipients of the distribution—Newcomer, Window One, and Thermocore—were subcontractors whom Delta specifically identified at the arbitration hearing as having valid unpaid claims. The trial court distribution order simply enforced the agreed stipulation entered into by Newcomer, Window One, and Thermocore. We find no error in the trial court's distribution of funds.

Affirmed.

BAKER, C.J., and FRIEDLANDER, J., concur.

---

1. The trial court specifically stated the Laurenzanos were not discharged from liability as to any additional claims of subcontractors and/or suppliers not resolved in this matter.