SEVERN R. DORRE, Plaintiff-Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Third District   No. 76-466

Opinion filed May 25, 1977.

Robert R. Nelson, of Popejoy, Nelson, Lucas & Speer, of Wheaton, for appellant.

Michael D. Block, of Cirricione, Block & Krockey, P. C., of Joliet, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This appeal is from a declaratory judgment entered by the Circuit Court of Will County requiring defendant Country Mutual Insurance Company to afford plaintiff Severn Dorre coverage under a farmers comprehensive liability policy. The facts which gave rise to this litigation are not in dispute.

Plaintiff contracted for liability insurance with defendant in 1963. The policy provides coverage for all sums which plaintiff becomes obligated to pay because of bodily injury sustained by any person, and as to such coverage, defendant is obliged to defend any suit against plaintiff even if the suit is groundless, false or fraudulent. The policy excludes from coverage any act or omission in connection with premises owned, rented or controlled by plaintiff if those premises are not listed in the policy declaration. In the declaration attached to the policy, the only premises listed were plaintiff's residence in Minooka, Illinois, and 309 acres in Troy Township, Will County, operated as a grain farm, on which two residences were located.

On June 24, 1967, Betty Robbins, a tenant from one of the farm residences, was injured when she jumped or fell from a boat dock at a pond located on a 12-acre tract adjoining plaintiff's land and owned by plaintiff's son Thomas Dorre. Robbins filed a personal injury action against both Thomas and Severn Dorre alleging that each of them "owned, operated, maintained, controlled and was possessed of" the premises where she was injured, and that it was the duty of each to use ordinary care to maintain the boat dock in a reasonably safe condition. In addition, Robbins' complaint asserted a number of specific negligent acts relating to the unsafe condition of the premises and a failure to warn of the dangerous condition of the dock.

Defendant originally undertook plaintiff's defense under a reservation of rights but later withdrew, whereupon plaintiff filed this declaratory judgment action to determine coverage under the policy. At trial, plaintiff testified that he owned 230 acres of farm land, and in 1963 he leased an additional 80-acre parcel which adjoined his land on the east and which was included in the 309 acres listed on the policy declaration. After March 1, 1964, he no longer rented the 80 acres but he did not notify defendant of that fact. As a result plaintiff paid excessive premiums in subsequent years. In 1966 plaintiff's son Thomas purchased the 12-acre tract located just east of plaintiff's land. That tract included a pond and eight acres of tillable land and was not listed on plaintiff's policy. Plaintiff stated that he helped his son farm the eight acres, and his son helped him farm his land, but they had no formal agreement or lease. After the annual harvest, the son received a portion of the proceeds based on how much help they had

given each other, with the son receiving "practically all" the proceeds from his own land.

The trial court found that, contrary to the allegations of the complaint, plaintiff did not own, rent, or control the premises where the accident occurred, and hence that coverage was not excluded because of plaintiff's failure to list the 12-acre parcel on the policy declaration for 1967. The court ordered defendant to afford a defense and coverage to plaintiff in Robbins' personal injury suit. Defendant appeals.

■■ ■ The issue presented here is whether defendant has a duty to afford a defense and coverage to plaintiff in the suit brought by Betty Robbins. In *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24, the Illinois Supreme Court recently confirmed the widely recognized general rule, as follows:

> "In determining whether the insurer owes a duty to the insured to defend an action brought against him, it is the general rule that the allegations of the complaint determine the duty. If the complaint alleges facts within the coverage of the policy or potentially within the coverage of the policy the duty to defend has been established." (64 Ill. 2d 187, 193, 355 N.E.2d 24, 28.)

A leading Illinois decision adopting this rule was *Sims v. Illinois National Casualty Co.* (3d Dist. 1963), 43 Ill. App. 2d 184, 193 N.E.2d 123, where the court noted the corollary that an insurer is free of an obligation to defend if the alleged facts fail to bring the case within the policy coverage. In *Sims* the court specifically ruled that the allegations of the complaint must control the tender of a defense even if they conflict with known facts. (Also *Country Mutual Insurance Co. v. Murray* (2d Dist. 1968), 97 Ill. App. 2d 61, 239 N.E.2d 498.) These rules are well established and widely accepted. See Annot., 50 A.L.R.2d 458 (1956).

■■ ■ In the case at bar, it is apparent that the allegations of the complaint invoke the exclusion relied upon by defendant. The complaint alleged that plaintiff owned, rented, or controlled the premises where the accident occurred. Plaintiff did not list those premises in the policy declarations, and coverage was expressly excluded as to premises owned, rented or controlled by plaintiff and not listed. Plaintiff's failure to list the 12-acre tract was fatal to his case here. Defendant did not undertake to insure against injuries resulting from the condition of the tract because it had no notice that plaintiff had any responsibilities as to those premises. *Cf.* Annot., 8 A.L.R.3d 916 (1966).

■■ ■ The evidence as to whether plaintiff did in fact own, rent or control the premises was irrelevant and immaterial to the question of coverage, and the trial court's finding was premature. (*Sims v. Illinois National Casualty Co.* (3d Dist. 1963), 43 Ill. App. 2d 184, 193 N.E.2d 123.) A similar factual determination in a declaratory judgment suit was

said to be an abuse of discretion on the part of the trial court in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24. A finding as to one of the ultimate facts upon which Robbins' prior personal injury action is predicated is not proper in this cause, and, under the principle of collateral estoppel, might preclude her right to recover. *Allstate Insurance Co. v. Gleason* (1st Dist. 1964), 50 Ill. App. 2d 207, 200 N.E.2d 383; *Farmers Oil & Supply Co. v. Illinois Central R.R. Co.* (4th Dist. 1972), 6 Ill. App. 3d 965, 286 N.E.2d 68.

■■ The fact that the policy declaration listed 309 acres when plaintiff was then farming a smaller number of acres does not serve to extend coverage to unlisted premises. (*Cf. Randolph v. Fireman's Fund Insurance Co.* (1963), 255 Iowa 943, 124 N.W.2d 528, 8 A.L.R.3d 907.) Plaintiff admits that the 309 acres listed in the declaration referred to three specific parcels of farm land and did not include the 12-acre tract with the pond and boat dock. Furthermore, the provision obligating defendant to defend a suit against plaintiff even though it is groundless, false or fraudulent does not impose a duty to defend claims arising outside the coverage of the policy. Annot., 50 A.L.R.2d 458, § 10(b) (1956).

■■ The exclusion here was not ambiguous. While we should construe the terms of the policy most favorably for plaintiff, we nevertheless conclude that defendant met its burden of establishing the applicability of the exclusion. See *Sheppard, Morgan & Schwaab, Inc. v. United States Fidelity & Guaranty Co.* (5th Dist. 1976), 44 Ill. App. 3d 481, 358 N.E.2d 305.

Having found that the exclusion is applicable and that the judgment entered in the trial court was erroneous, we need not discuss the other errors assigned by plaintiff. The judgment of the Circuit Court of Will County is reversed.

Reversed.

BARRY and SCOTT, JJ., concur.