STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellee, *v.* RICHARD E. STINNETT *et al.*, Defendants-Appellants.

Fifth District    No. 78-4

Opinion filed May 9, 1979.

Thomas O. Falb, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellee.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter, of counsel), for appellants.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendants, Richard E. and Wilma Stinnett, appeal from a judgment of the circuit court of Madison County which found that State Farm Fire and Casualty Company (hereinafter, State Farm) was not obligated under a certain homeowner's insurance policy to defend Richard Stinnett in a personal injury action brought against him by Nada Wright or to pay any judgment which might result from that litigation. The sole issue on

appeal is whether the trial court's finding that the claim against Richard Stinnett fell within the scope of two exclusionary provisions of the instant policy was correct.

The accident giving rise to the personal injury action against Richard Stinnett occurred on July 20, 1974. At that time Richard and Wilma Stinnett resided at 1002 McKinley Boulevard in Alton, Illinois, and Richard's parents resided on a 118-acre farm which they owned near Gillespie, Illinois. The farm was located approximately 20 miles from the Stinnett's house in Alton. Richard had rented the farm from his father since 1959 on a profit-sharing basis. Around 2 or 3 p.m. on that day, Richard was in the process of using a tractor equipped with a sickle mower attachment to mow the weeds which grew in the area between the north edge of a field planted in corn and soybeans and the south edge of a township road that ran east and west. While the tractor was stopped in between the ditch and the road's edge, a car travelling eastward and driven by Nada Wright struck the mower attachment, causing injury to her.

Richard Stinnett testified that he had mowed the area between this cultivated field and the road several times each year since he began renting his father's farm. One of the purposes of this mowing was to prevent the spreading of weeds into the field. Another purpose was to make the farm look good for his father. It was customary for the farmers in the area to cut the weeds along the roads in order to prevent them from spreading into the fields and reducing their yield. They all did it.

The testimony of Prentiss Wild, a licensed surveyor, indicated that the northern property line of the farm owned by Richard Stinnett's father lies on the roadway upon which Nada Wright's car was travelling. In fact, the south edge of the road is six feet south of the farm's property line. Wild also testified that although he did not know what the right-of-way for this particular township road was, the customary right-of-way would extend 40 feet on each side of the roadway.

At the time of the accident, Richard and Wilma Stinnett were named insureds on a State Farm homeowner's policy covering their house in Alton. Under Section II, Coverage E of the policy, State Farm undertook to provide comprehensive personal liability protection to the Stinnetts. That provision obligated State Farm to pay all sums which the Stinnetts became legally obligated to pay as damages for an accident and to defend any action against them seeking such damages. The policy also provided:

> "This policy does not apply: (1) Under Coverage E * * *: (d) to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits; * * * [or] (e) to bodily injury or

property damage arising out of any premises, other than an insured premises, owned, rented or controlled by any insured; * * *."

Under the policy, the term business included farming.

After Nada Wright commenced a personal injury action against Richard based on this accident, State Farm refused the defendants' demand to defend and commenced the instant action for declaratory judgment, asserting that it had no obligations with respect to the law suit under the policy because both of the above-quoted exclusions applied. After conducting an evidentiary hearing, the trial court found that both exclusions applied to this accident and rendered a judgment in favor of State Farm.

The question presented by the trial court's ruling as to exclusion 1(d) is whether the mowing can be characterized as a business pursuit and therefore be excluded from coverage or as an activity ordinarily incident to nonbusiness pursuits and therefore not be so excluded.

■■ Defendants apparently concede that the mowing was a business pursuit but argue that since one of the purposes of the mowing, namely, to make the farm look good, was nonbusiness in nature, the nonbusiness exception must automatically apply. We cannot agree. Although the language of exclusion 1(d) indicates that certain activities which occur as a part of a business pursuit were meant to be covered by the contract and included within the protection afforded by the policy, it is only those activities which are "ordinarily incident to non-business pursuits" which are so covered. (See *State Farm Fire & Casualty Co. v. MacDonald* (1967), 87 Ill. App 2d 15, 18, 230 N.E.2d 513.) Regardless of the precise scope of this phrase, the evidence of this case is insufficient to establish that the business pursuit of mowing these weeds was an activity "ordinarily incident to non-business pursuits." Richard Stinnett himself testified that all of the farmers in the locality mowed the weeds along the roads in order to keep them from spreading into the fields and reducing their yields. Such mowing was therefore firmly established as a business activity. The fact that an additional benefit of Richard Stinnett's mowing was to keep his father's farm looking nice may not transform an activity which was essentially business related into one ordinarily incident to nonbusiness pursuits. The trial court's finding as to the applicability of this exclusion was fully supported by the evidence and we see no basis for overturning it.

■■ The question presented as to exclusion 1(e) is whether Nada Wright's injuries arose out of any premises, other than an insured premises, rented or controlled by Richard Stinnett. The defendants' argument seems to be that the finding that exclusion 1(e) applies may be affirmed only if we can find that defendant was mowing an area which he rented from his father and which was not a part of the road's right-of-way. We cannot agree.

Exclusion 1(e) applies both to injuries arising out of uninsured premises controlled by an insured and to injuries arising out of uninsured premises rented by an insured. In this case, the evidence established that the area which Richard Stinnett was mowing when the accident occurred was part of the acreage owned by his father. Further, Richard had mowed this area several times a year for 15 consecutive years in furtherance of a business purpose as already discussed. In view of these facts, we find that the mowed area was controlled by Richard Stinnett and that Nada Wright's injuries resulting from Richard's mowing of it arose out of uninsured premises controlled by him. Consequently, exclusion 1(e) precluded any coverage to defendants with respect to Nada Wright's personal injury action.

Affirmed.

G. MORAN, P. J., and KARNS, J., concur.