ROESE CONTRACTING CORPORATION, INC v ZGLICZYNSKI

Docket No. 44241. Submitted February 5, 1980, at Lansing.—Decided April 24, 1980.

Edward W. Zgliczynski borrowed a front-end loader from his employer, Roese Contracting Corporation, Inc., to perform some repair work at a marina in which he had an interest. While driving the loader to the marina he was involved in an accident with an automobile. The owner of the automobile brought an action against Zgliczynski and Roese Contracting. Roese Contracting and its insurer, Commercial Union Assurance Corporation, brought a declaratory action against Zgliczynski and the insurer of the marina, Auto-Owners Insurance Company, to determine which of the insurers had a duty to defend the suit. The Arenac Circuit Court, Carl L. Horn, J., entered a judgment in which it held that Commercial Union had a duty to defend Zgliczynski in the related action. Plaintiffs appeal. *Held:*

The language defining "premises" in the Auto-Owners policy applies to off-premises operations that are necessary or incidental to the maintenance of the premises. Therefore, the Auto-Owners policy applies in this case. Because it does, an "other insurance" clause in the Commercial Union policy precludes coverage under that policy.

Reversed.

1. APPEAL — DECLARATORY JUDGMENT — DE NOVO REVIEW.

The Court of Appeals reviews a declaratory judgment action *de novo,* and will sustain the findings of the trial court unless convinced that it would have ruled differently had it been in the trial court's position.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 119.

5 Am Jur 2d, Appeal and Error §§ 703, 772, 872.

[2] 44 Am Jur 2d, Insurance § 1430.

62 Am Jur 2d, Premises Liability § 5.

Premises Liability Insurance: coverage as extending to liability or injuries or damages caused by product sold or rented by the insured and occurring away from the insured premises. 62 ALR3d 889.

2. INSURANCE — INSURED PREMISES — OFF-PREMISES OPERATIONS.

An insurance policy on a premises which declares that it covers operations which are necessary or incidental to the operations conducted on the insured premises thereby extends coverage to off-premises risks which arise from such necessary and incidental operations conducted off the premises.

*Davidson, Breen & Doud, P.C.* (by *John F. O'Grady*), for plaintiffs.

*Smith & Brooker, P.C.* (by *Thomas A. Connolly*), for Auto-Owners Insurance Company.

Before: CYNAR, P.J., and V. J. BRENNAN and M. F. CAVANAGH, JJ.

PER CURIAM. Plaintiffs claim this appeal by right from the judgment of the lower court which denied their requested relief in their complaint for a declaratory judgment and held that plaintiff Commercial Union had a duty to defend defendant Zgliczynski in a related lawsuit.

The incident around which this litigation centers was an accident involving a car driven by one individual and a front-end loader driven by defendant Zgliczynski. This suit was brought to determine which of two insurance companies' policies should cover the accident.

Zgliczynski, at the time of the accident, was employed by Roese Contracting. He was also engaged in a partnership with his grandmother to operate the Pointe Au Gres Marina. In the operation of the marina, Zgliczynski undertook the reconstruction of a seawall. Towards that end he arranged to utilize some broken concrete from a farm located roughly two and one-half miles from the marina. In order to transport the concrete, Zgliczynski borrowed, free of charge, the loader and several trucks from his employer, Roese Con-

tracting. As a result of the accident, which occurred while Zgliczynski was returning to the marina using the loader with which he was to position the concrete that night, suit was brought against Zgliczynski and Roese Contracting. At that time, Roese Contracting was insured by co-plaintiff Commercial Union, and co-defendant Auto-Owners had issued a premises liability policy to Zgliczynski's partnership in the marina. The declaratory action followed upon Auto-Owners' refusal to defend Zgliczynski as demanded by Commercial Union. Defendant Zgliczynski cross-claimed against Auto-Owners, setting the scene for this appeal.

The policy isued by Auto-Owners to the marina partnership applied to the following risk:

"DIVISION 1. Premises-Operations in Progress. The ownership, maintenance or use of the premises, and all operations during the policy period which are necessary or incidental thereto."

Plaintiffs contend that the operation of the loader was covered under this provision. Auto-Owners argues that the following definition of "premises" in the policy limited coverage to the marina area only:

"(c) 'Premises', not otherwise qualified, means (1) the premises designated in the declarations, including buildings and structures thereon and the ways immediately adjoining, * * *."

The policy issued to Roese Contracting by Commercial Union covered the following "Persons Insured":

"Each of the following is an insured under this insurance to the extent set forth below: * * * (e) with respect

to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law, (i) an employee of the named insured while operating any such equipment in the course of his employment, and (ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, *but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization.*" (Emphasis added.)

The Auto-Owners policy contained an identical provision with respect to the final underlined phrase.

Without stating a reason as to why the policy of Commercial Union did provide coverage, the trial court ruled that the Auto-Owners policy could not apply under the policy language quoted above as 'maintenance' or 'operations which are necessary and incidental' to maintenance of the premises. Our review of the declaratory judgment is *de novo,* and the findings below must be sustained unless we conclude that we would have ruled differently, sitting in the trial court's stead. *Salvador v Connor,* 87 Mich App 664, 675-676; 276 NW2d 458 (1978), *lv den* 406 Mich 966 (1979).

We do rule differently, finding that the language defining premises in Auto-Owners' policy can be interpreted to mean that off-premises operations necessary or incidental to the maintenance of the premises are covered by that policy. Support for this construction is contained in 11 Couch on Insurance 2d, § 44:301, p 716, where it is stated:

"Where the policy expressly covers not only the risks involved in the use of designated premises, but also declares that it covers operations which are necessary

or incidental to the operations conducted on the insured premises, there is coverage of off-premises risks which arise from such necessary and incidental operations conducted off the premises."

Given this ruling, it is apparent that the "other insurance" clause in Commercial Union's policy precludes coverage under its terms. Moreover, we find no language in that policy that would make it applicable to the accident under these circumstances. Also, Zgliczynski was a named insured in the Auto-Owners policy.

Reversed. Appellants may tax costs.