Jeffrey ARNDT, et al., Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent,

Ronald Kieffer, Defendant.

No. C5-85-1342.

Court of Appeals of Minnesota.

Feb. 4, 1986.

Review Granted March 27, 1986.

Thomas J. Laughlin, Nilva and Frisch, P.A., St. Paul, for appellants.

Willard L. Converse, Peterson, Bell & Converse, St. Paul, for respondent.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

As a result of an accident which occurred on defendant Ronald Kieffer's farm on January 1, 1983, Jeffrey Arndt sustained serious and permanent injuries. The trial court granted respondent American Family Insurance Company (American Family) summary judgment against appellants Jeffrey and Beverly Arndt on the basis that Kieffer's insurance policy excluded coverage of the accident. The Arndts appeal. We affirm in part, reverse in part and remand.

## FACTS

On January 1, 1983, Jeffrey Arndt was helping his friend Ronald Kieffer manually unload a chopper box which was filled with frozen corn stalks. While Arndt was shoveling the corn stalks into the chopper box, he was caught in the machine's beaters and was seriously injured.

Raymond, Daniel and Ronald Kieffer were the named insureds on a farm family liability policy issued by American Family. Ronald Kieffer and Daniel Kieffer are brothers who have a farming partnership agreement. At the time of the accident, they were in the process of buying the family farm from their father, Raymond. The farm is primarily a dairy operation and consists of 210 acres that the Kieffers own (the father and brothers together) and 60 acres that they rent. It is not one continuous parcel of land. The main dairy operation and Raymond Kieffer's house are located on property in Abbotsford, Wisconsin.

The accident at issue here occurred in Dorchester, Wisconsin on a five-acre parcel of land which Ronald Kieffer was purchasing from a private party. The Dorchester property is approximately four miles north and three miles east of the Abbotsford property. There is a house, a barn and a shed on the Dorchester property. At the time of the accident, Ronald Kieffer was living in the house on the Dorchester property. He insured the house itself with an insurance company other than American Family. Ronald owned the chopper box that was involved in the accident, but it was used throughout the farming operation.

The insurance policy's declaration page states that the policy covers the Abbotsford property where the main dairy operation is. The policy description covered 127.6 acres of the farm. The rest of the farm acreage is not covered in any other policy. It is undisputed that the accident occurred on property that was not described on the declaration page of the insurance policy.

The insurance policy provided the following coverage:

COVERAGE A—FARM LIABILITY COVERAGE AND

COVERAGE B—PERSONAL LIABILITY COVERAGE

We will pay, up to our limit of liability, all sums for which any insured is legally

liable because of bodily injury * * * covered by this policy.

\* \* \* \* \* \*

COVERAGE C—MEDICAL EXPENSE COVERAGE TO THE PUBLIC * * * This coverage applies only:

\* \* \* \* \* \*

2. to a person away from the insured premises if the bodily injury:

\* \* \* \* \* \*

b. is caused by the activities of any insured * * *.

Coverages A and B have a liability limit of $500,000 each occurrence and Coverage C has a liability limit of $1,000 each person.

The relevant exclusions in the policy provide:

1. All Coverages under this policy do not apply to any bodily injury or property damage:

\* \* \* \* \* \*

d. arising out of the ownership, use or control by or rental to any insured of any premises, other than the insured premises.

\* \* \* \* \* \*

4. Coverage B [Personal Liability Coverage] does not apply for any insured who resides off the insured premises.

In March 1983, Jeffrey Arndt and his spouse Beverly commenced a personal injury action against Ronald Kieffer. Initially, American Family undertook representing Kieffer in the personal injury action. Shortly before the case came on for trial on June 4, 1984, American Family withdrew from representing Kieffer on the basis that the accident was not covered under the insurance policy. Subsequently, the case was stricken from the trial calendar.

In September 1984, the Arndts and Kieffer executed a stipulation and confession of judgment. American Family was not involved in this settlement. The parties stipulated that "if the case is tried, Ronald Kieffer will be adjudged to have been negligent." Kieffer confessed judgment in favor of the Arndts for $95,000 upon the condition that the judgment could only be satisfied from the insurance policies in effect at the time of Arndt's injuries. On September 20, 1984, judgment was entered in favor of the Arndts and against Ronald Kieffer for $95,000.

The Arndts then served a garnishment summons on American Family and American Family responded by serving a garnishment disclosure on the Arndts. In that disclosure, American Family denied owing anything to the judgment debtor Ronald Kieffer on the basis that the accident was not covered by the insurance policy that it had with the Kieffers.

The Arndts then commenced a declaratory judgment action against American Family. The Arndts requested that the trial court declare that the accident was covered under the policy and require American Family to satisfy the judgment against Kieffer.

Subsequently, the Arndts brought a summary judgment motion in their declaratory judgment action. American Family made a cross-motion for summary judgment.

The trial court granted summary judgment against the Arndts and in favor of American Family. In addition, the trial court dismissed the Arndts' declaratory judgment action. The trial court, however, still addressed the substantive issues raised in the motions because it allowed the Arndts to orally amend their declaratory judgment complaint and transform it into a garnishment action.

**ISSUES**

1. Are the trial court's procedural rulings properly before us for review?

2. Did the trial court err in granting respondent summary judgment on the ground that the accident was not covered under the insurance policy?

**ANALYSIS**

**I.**

Both the Arndts and American Family complain of the trial court's handling of the procedural matters in this case.

The Arndts assert that the trial court erred in dismissing their declaratory judgment action. The Arndts have failed to show, however, that the court's alleged error harmed them. The trial court did permit the Arndts to proceed with their garnishment action and the court addressed all the substantive matters that the Arndts raised. Any error which occurred was not prejudicial. Error without prejudice is not ground for reversal. *See Midway Center Associates v. Midway Center, Inc.,* 306 Minn. 352, 356, 237 N.W.2d 76, 78 (1975).

██ American Family argues that the trial court erred in allowing the Arndts to proceed with their garnishment action. However, American Family did not file a notice of review. It merely included the procedural issue in its own statement of the case and addressed the issue in its brief. Minn.R.Civ.App.P. 106 requires American Family to file a notice of review in order to raise an issue on appeal and receive any relief in this court. *Alvord v. Alvord,* 365 N.W.2d 360, 362–63 (Minn.Ct. App.1985).

Because neither party has properly presented for our review the trial court's procedural rulings, we do not address whether the trial court properly allowed the Arndts to proceed with their garnishment action.

## II.

The Arndts assert that the trial court erred in granting American Family summary judgment on the basis of lack of coverage.

██ The function of a court reviewing a summary judgment award is to determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Neither party argues that there are any material factual issues present here. They only address

the correctness of the trial court's application of the law. We note that we need not give deference to a trial court's decision on a legal issue. *Frost-Benco Electric Association v. Minnesota Public Utilities Commission,* 358 N.W.2d 639, 642 (Minn. 1984).

The trial court determined that the accident fell within Exclusion 1(d) which provides that coverage does not apply to bodily injury "arising out of the ownership, use or control by or rental to any insured of any premise, other than the insured premises." It relied on the fact that the accident occurred on property that was owned by Kieffer but not described in the policy.

### A. Exclusion 1(d)

We believe that the trial court erred in its interpretation of the "other premises" exclusion in the Kieffers' policy. There are innumerable cases interpreting insurance policy clauses with the phrase "arising out of." In *Lanoue v. Fireman's Fund American Insurance Companies,* 278 N.W.2d 49, 54 (Minn.1979), the insured allegedly furnished intoxicating beverages to a minor through a minor employee at a superette the insured owned. Homeowner's policy coverage was denied by the insurer based on, in part, an exclusion which stated that the policy did not apply to bodily injury "arising out of any premises, other than an insured premises, owned, rented or controlled by any insured." [1] The supreme court found coverage, stating:

> [T]he premises must bear some causal relationship to the liability. Such a relationship is apparent when a claimant trips over improperly maintained steps. * * * The fact that something occurs at a place is not sufficient by itself to imply causation as to that place. It is more appropriate under the facts of this case to focus on the personal property—the whiskey—as being allegedly carelessly possessed by [the insured] at his [superette]. Thus the liability is causally relat-

---

**1.** The exclusion in the Kieffers' policy is not identical to the exclusion considered in *Lanoue.* Despite the difference in the relevant exclusions,

*Lanoue* and other cases cited in this opinion still assist us in articulating the causal connection that the phrase "arising out of" connotes.

ed to the whiskey, not the premises involved.

*Id.* at 54.

An earlier Minnesota case is consistent with *Lanoue.* In *Engeldinger v. State Automobile & Casualty Underwriters*, 306 Minn. 202, 236 N.W.2d 596 (1975), the insured negligently left an intoxicated and unconscious person in an automobile. The person died of exposure. In determining that the homeowner policy's clause excluding bodily injury arising out of the use of a motor vehicle did not apply, the supreme court concluded that the death did not arise out of the use of the automobile, rather the automobile was the mere situs of the negligence of the insured. *Id.* at 208, 236 N.W.2d at 600. *See also North Star Mutual Insurance Co. v. Johnson*, 352 N.W.2d 791, 794 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Sept. 1, 1985) (the negligent maintenance and use of a farm sprayer was covered by the farm liability policy, notwithstanding that the sprayer was attached to a pickup when the accident occurred and notwithstanding the motor vehicle exclusion in the policy).

Many jurisdictions have interpreted the phrase "arising out of" in "other premises" exclusions in the same way as the Minnesota Supreme Court in *Lanoue.* In *Lititz Mutual Insurance Co. v. Branch*, 561 S.W.2d 371 (Mo.Ct.App.1977), the Missouri Court of Appeals interpreted a clause in a homeowner's policy similar to the "other premises" exclusion in *Lanoue.* In *Lititz*, the insured's dog bit a child while the dog was tethered at uninsured property owned by the insured. The court determined that there was no causal connection between the bite and the uninsured premises and, therefore, the exclusion did not apply. *See also Safeco Insurance Co. of America v. Hale*, 140 Cal.App.3d 347, 189 Cal.Rptr. 463 (1983) (injuries caused by horse originated from the allegedly tortious conduct of the insureds and not from any condition of the premises on which the horse was located); *Hanson v. General Accident Fire & Life Insurance Corp.*, 450 So.2d 1260 (Fla.Dist. Ct.App.1984) (injuries caused by negligent

handling of antenna on uninsured property did not fall within "other premises" exclusion because the accident was unrelated to any condition of the uninsured premises); *Economy Fire & Casualty Co. v. Second National Bank of Danville*, 91 Ill.App.3d 406, 46 Ill.Dec. 712, 414 N.E.2d 765 (1980), *appeal denied*, 83 Ill.2d 570 (1981) ("other premises" exclusion did not apply to accident that occurred when insured allegedly negligently threw a lit match into a waste basket in his office).

American Family cites *State Farm Fire & Casualty Co. v. Stinnett*, 71 Ill.App.3d 217, 27 Ill.Dec. 604, 389 N.E.2d 668 (1979), in support of its position that the "other premises" exclusion applies to the January 1, 1983 accident. We are unpersuaded by *Stinnett*, particularly because it is questionable authority even in its own Illinois jurisdiction. In *Economy Fire & Casualty*, a subsequent Illinois Court of Appeals opinion from another district, the court followed *Lititz* and expressly rejected *Stinnett* on the basis that *Stinnett* ignored the requirement that some defect arise from the uninsured premises.

American Family also cites *Dorre v. Country Mutual Insurance Co.*, 48 Ill. App.3d 880, 6 Ill.Dec. 782, 363 N.E.2d 464 (1977), in support of its position. In *Dorre*, however, the applicable farm liability policy excluded from coverage any act or omission *in connection* with premises owned, rented or controlled by the insured that were not listed in the policy declaration. The phrase "in connection with" has a much broader meaning than "arising out of." *See Jackson v. LaJaunie*, 270 So.2d 859, 864 (La.1972). Thus, the result reached in *Dorre* does not guide us in interpreting the phrase "arising out of."

■ Applying *Lanoue* and the other cited cases to this matter, we conclude that the phrase "arising out of" requires some causation between Ronald Kieffer's liability for Arndt's injuries and his ownership, use or control of the Dorchester property. The accident occurred when Arndt was caught in the chopper box's beaters. The beaters were powered by a gear box oper-

ating off a tractor. The only way to control the gear box was from the tractor and at the time of the accident, no one was attending the tractor. It is undisputed that Kieffer negligently failed to have someone attend the tractor and control the gear box. The evidence is clear that Arndt's injuries arose out of Ronald Kieffer's negligence, rather than his ownership, use or control of the Dorchester property. We conclude that Arndt's injuries are not excluded from coverage based upon the "other premises" exclusion in the Kieffers' policy.

### B. Exclusion 4

We do not conclude our consideration of the policy provisions with the determination that Exclusion 1(d) is inapplicable. While neither the parties nor the trial court addressed Exclusion 4, which excludes personal liability coverage for any insured who resides off the insured premises, we believe that exclusion must preclude a claim of personal liability coverage here.

The Kieffers' policy provides coverage for three different types of liability—farm liability (Coverage A), personal liability (Coverage B) and medical expense liability (Coverage C). While the scope of the Coverage A is not specifically defined in the policy, reasonably this coverage applies to conditions of the insured premises rather than to an insured's negligence. Thus, the January 1, 1983 accident is not covered under Coverage A, because the accident occurred on premises not described in the policy.

In the usual case, such as here, where the insured's negligence causes injury, Coverage B, the personal liability coverage, would compensate the injured claimant. However, Exclusion 4 precludes any personal liability coverage for Ronald Kieffer because that exclusion specifically states that Coverage B "does not apply for any insured who resides off the insured premises." At the time of this accident, Ronald was living at the Dorchester property. We must conclude that Ronald did not have any personal liability coverage under the policy, and hence, the Arndts'

claim under the policy fails with respect to the personal liability coverage.

We note that the Arndts still have a valid claim for medical expense coverage (Coverage C), however, because Exclusion 4 only applies to Coverage B.

### C. Reasonable Expectations

The Arndts urge us to apply the "reasonable expectations" doctrine to this case and extend coverage to the Kieffers' entire farm. We decline to do so. In *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn. 1985), the leading Minnesota case addressing the reasonable expectations doctrine, the supreme court found coverage under a burglary insurance policy based upon the reasonable expectations of the purchaser of the policy. The policy contained an "evidence of forcible entry" requirement in its definition of burglary.

In applying the reasonable expectations doctrine, the supreme court stated:

[A]mbiguity * * * becomes a factor in determining the reasonable expectations of the insured, along with such factors as whether the insured was told of important, but obscure, conditions or exclusions and whether the particular provision in the contract at issue is an item known by the public generally.

*Id.* at 278.

In this case, the challenged portions of the insurance policy are not ambiguous or obscure. This is not a case like *Atwater* where a major exclusion was hidden in the definitions section of the policy. The description of the insured farm on the declaration page plainly describes only 127.6 acres of the Kieffers' farm. Likewise, Exclusion 4 is clearly stated and set forth among the other exclusions. We do not believe this is an appropriate case to apply the reasonable expectations doctrine.

### DECISION

The trial court erred in concluding that the "other premises" exclusion in the policy applies to the Arndts' claim. The policy's

farm liability coverage does not cover the accident and the accident is excluded from the personal liability coverage provided in the policy. We remand for a determination of the amount the Arndts are entitled to recover under the medical expense coverage of the policy.

Affirmed in part, reversed in part and remanded.