**Andrew J. PICCO, Plaintiff–Appellant,**

v.

**GENERAL ELECTRIC COMPANY, Defendant–Appellee.**

**No. 04–1489.**

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.*

Decided Oct. 27, 2004.

Rehearing and Rehearing En Banc Denied Nov. 22, 2004.**

Before*** WOOD and WILLIAMS, Circuit Judges.

ORDER

After General Electric (GE) terminated Andrew Picco's employment in June 1997, Picco filed a demand for arbitration, claim-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

** Judge Kenneth Ripple took no part in the consideration of this matter.

*** The third member of the panel recused himself and did not participate in the consideration or decision of this case, which is being decided by a quorum of the panel. *See* 28 U.S.C. § 46(d).

ing that his termination was the result of constructive fraud and retaliation for his filing of a lawsuit under the Americans with Disabilities Act against GE three years earlier. The Arbitrator ruled in favor of GE on both counts. Picco then filed this suit in an Indiana state court against the Arbitrator, the American Arbitration Association (AAA) and GE, seeking to overturn the arbitration decision. The defendants removed the case to federal court on the basis of diversity jurisdiction. The district court dismissed the Arbitrator and the AAA on the basis of arbitral immunity and ultimately granted summary judgment to GE. Picco appeals.

Picco worked for GE from 1971 until 1981, and then again from 1988 until 1992 when he was first terminated. He filed suit under the Americans with Disabilities Act to contest that termination, and in 1994 he and GE entered into a settlement agreement in which GE reinstated Picco to his position and Picco agreed to arbitrate future claims arising out of the agreement or his employment with GE. Picco then worked for two years without complaining of discrimination. In 1996, however, GE informed Picco that his job was being relocated from Indiana to Ohio and that he had the option to transfer or interview for a new position in Indiana. Picco refused to relocate, and in fact he threatened to sue GE if he was forced to relocate. He interviewed for an Indiana position that he ultimately did not receive and was later offered another position in Indiana that he rejected. Picco's employment with GE was formally terminated a second time in June 1997.

Picco filed a demand for arbitration and claimed that his termination was in retaliation for the 1994 suit, was the result of constructive fraud by GE, and was in violation of Indiana public policy because GE terminated him in response to his threat to challenge a transfer to Ohio. The Arbitra-

tor ruled against Picco on all counts. Dissatisfied with the outcome, Picco filed this suit in state court against the AAA and the Arbitrator, claiming that the arbitration award should be vacated because the Arbitrator was biased and because the award was the result of fraud. Picco also claimed that GE breached the 1994 settlement agreement by relocating his job.

After the case was removed to federal court and the Arbitrator and AAA were dismissed as defendants, Picco and GE proceeded to summary judgment. The district court found Picco's claim that the Arbitrator was biased to be untimely under Indiana law, see Ind.Code § 34–57–2–13(b), a decision that Picco does not challenge on appeal. Regarding Picco's argument that the arbitration award was the result of fraud, the district court ruled that Picco presented no evidence of fraud on the face of the arbitration award. As to Picco's claim that GE breached the 1994 settlement agreement by relocating his position, the district court said that Picco was bound by the settlement agreement to arbitrate that claim. Because he had not arbitrated that particular claim, the district court refused to consider it in the first instance.

On appeal Picco primarily challenges the district court's conclusion that he failed to point to fraud on the face of the arbitration award. Indiana law provides limited grounds for vacating an arbitration award, and those grounds are listed in the Indiana Uniform Arbitration Act. See Ind.Code § 34–57–2–13; Sch. City of E. Chi., Ind. v. E. Chi. Fed'n of Teachers, Local No. 511, A.F.T., 622 N.E.2d 166, 168 (Ind.1993) (holding that judicial review of arbitration awards is narrow in scope); Fort Wayne Educ. Assoc. v. Fort Wayne Cmty. Sch., 753 N.E.2d 672, 675 (Ind.Ct.App.2001). Fraud is one ground. The district court understood Indiana law to require Picco to demonstrate fraud on the face of the

award. We are not sure that Indiana has clearly established such a rule; in the case cited by the district court mentioning fraud on the face of the document, the Court of Appeals of Indiana might have merely been summarizing a holding from an Illinois case, *see Indianapolis Pub. Transp. Corp. v. Amalgamated Transit Union, Local 1070*, 414 N.E.2d 966, 969 (Ind.Ct.App.1981) (citing *Dorre v. County Mut. Ins. Co.*, 48 Ill.App.3d 880, 6 Ill.Dec. 782, 363 N.E.2d 464 (1977)), and the Indiana Uniform Arbitration Act does not explicitly say that fraud must be shown on the face of the award, *see* Ind.Code § 34–57–2–13. But the district court also went on to point out that Picco identified no evidence of fraud at all.

Picco offers a convoluted theory about why the arbitration award must have been the result of fraud. His theory centers around a box of documents that the Arbitrator ruled were protected by the attorney-client privilege. During the course of the arbitration proceeding, Picco demanded that GE turn over certain letters and email communications that GE claimed were protected by the attorney-client privilege. The Arbitrator reviewed the documents and ruled them privileged. Picco, who he has apparently never reviewed the documents himself, believes that among the documents is the smoking gun that proves GE wrongfully terminated him. Picco contends here that the Arbitrator "became aware after his review of the [documents] that Ralph Ford, General Counsel for GE, was indeed guilty of illegal activity relevant to Picco's claims against GE and Picco's agreements with GE." His only evidence of the Arbitrator's alleged revelation was Picco's own opinion, shared by his wife, that the Arbitrator adopted a tone more sympathetic to Picco after reviewing the documents. So, Picco surmises, the Arbitrator's ultimate resolution of the case in favor of GE and against the evidence he saw in the privileged docu-ments *must have been* the result of fraud. This argument is frivolous. Picco's suppositions do not amount to evidence of fraud and the district court did not err in granting summary judgment to GE on Picco's fraud claim.

Picco also says in passing that the district court erred in concluding that he was required to arbitrate his claim that GE breached the 1994 settlement agreement. The district court concluded that because the 1994 agreement required Picco to arbitrate any disputes arising out of the agreement, Picco had to arbitrate his claim that GE breached the agreement. Although Picco says that he takes issue with this ruling, he never presents or develops an argument about why the district court erred. Even pro se litigants must develop their general assertions of error into coherent arguments. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

We AFFIRM the judgment of the district court.