STUART, Justice.
The accounting firm Dudley, Hopton-Jones, Sims & Freeman, PLLP (“DHSF”), appeals from an order of the Jefferson Circuit Court dismissing with prejudice its action against Andrew J. Knight, a former partner in DHSF. We reverse and remand.
I.
Knight became a partner in DHSF in 1988. The partnership agreement Knight signed at that time contained the following arbitration provision:
*69 “In the event controversy or claim arises out of or relates to this agreement concerning the value of property or the amount of losses, profits or damages, it shall be submitted to three arbitrators and settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association.”
Knight left DHSF in April 2000 and, on August 30, 2001, sued DHSF in the Jefferson Circuit Court, alleging that DHSF had not paid him money he was entitled to under the partnership agreement upon withdrawing from the partnership. Without filing an answer, DHSF moved to compel arbitration of Knight’s claim pursuant to the arbitration provision in the partnership agreement, and, on February 13, 2002, the circuit court granted DHSF’s motion and stayed the case “to permit the parties to arbitrate.” It appears that Knight and DHSF thereafter conferred regarding the selection of the arbitrators; however, neither party filed a demand for arbitration with any organization or otherwise took steps to formally initiate the arbitration process. The circuit court periodically held status conferences and requested status reports on the arbitration proceeding; however, on August 4, 2009, after arbitration proceedings still had not been initiated, the circuit court dismissed Knight’s action with prejudice.
Approximately five months later, on January 11, 2010, DHSF initiated the present action by filing a complaint against Knight in the Jefferson Circuit Court, alleging that Knight was liable to the firm for breach of contract, breach of fiduciary duties, and fraudulent misrepresentation. DHSF simultaneously moved the circuit court to stay the case and to refer it to arbitration pursuant to the arbitration provision in the partnership agreement. In that motion, DHSF argued that the arbitration provision encompassed the claims it was asserting against Knight, that the underlying transaction affected interstate commerce, and that the circuit court had previously compelled arbitration based upon that same, arbitration provision in the earlier action initiated by Knight.[1] On January 29, 2010, the circuit court granted the motion and stayed the case pending the outcome of the arbitration proceedings.
On February 3, 2010, Knight moved the circuit court to dismiss the complaint filed by DHSF, arguing that the claims asserted by DHSF were barred both by the applicable statutes of limitations and by DHSF’s failure to assert the claims as compulsory counterclaims in the action filed by Knight in 2001. Knight also argued that DHSF failed to assert its fraudulent-misrepresentation claim with the particularity required by Rule 9(b), Ala. R. Civ. P. (“In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.”). On March 2, 2010, DHSF filed a response in opposition to Knight’s motion to dismiss, arguing that each of Knight’s arguments lacked merit and that, in any event, those arguments should be decided by an arbitrator — not the court— because the partnership agreement between the parties contained a valid arbitration provision covering the asserted claims.
On March 4, 2010, the circuit court held a hearing on Knight’s motion to dismiss. Following that hearing, the circuit court granted Knight’s motion and entered a written order dismissing DHSF’s complaint with prejudice on the basis of the arguments made by Knight in his motion *70 to dismiss. DHSF filed its notice of appeal to this Court that same day.
II.
DHSF argues that the circuit court erred in hearing and ruling on Knight’s motion to* dismiss its complaint because, DHSF argues, that motion raised only issues that, in the context of a dispute falling within the scope of a valid arbitration provision, must be resolved by an arbitrator— not a court, which is empowered in such cases to rule only on issues of substantive arbitrability. We review the circuit court’s judgment de novo. Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601, 604 (Ala.2009).
We explained the role of the trial court in ruling on a motion to compel arbitration as follows in Brasfield & Gome:
“In ruling on a motion to stay judicial proceedings following a request for arbitration, the court is required to decide matters of ‘substantive arbitrability,’ that is, (1) whether a valid agreement to arbitrate exists and, if so, (2) whether the specific dispute falls within the scope of that agreement. Dean Witter [Reynolds, Inc. v. McDonald], 758 So.2d [539,] 542 [ (Ala.1999) ]. ‘Procedural arbitrability,’ on the other hand, involves questions that grow out of the dispute and bear on its final disposition, e.g., defenses such as notice, laches, estoppel, and other similar compliance defenses; such questions are for an arbitrator to decide. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (‘ “ ‘procedural’ questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide” ’); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (holding that an arbitrator should decide whether the steps of a grievance procedure were completed, where those steps were prerequisites to arbitration).”
35 So.3d at 604-05. In this case, the circuit court considered DHSF’s motion to compel arbitration and the accompanying exhibits, and it initially granted the motion, staying the case so that DHSF could arbitrate its claims against Knight. That decision is supported by the evidence in the record because there is no question but that a valid agreement to arbitrate exists between DHSF and Knight and that the present dispute falls within the scope of that agreement.
However, approximately five weeks after issuing an order compelling arbitration, the circuit court entered a new order granting Knight’s motion to dismiss DHSF’s complaint on the following grounds: (1) that all DHSF’s claims were barred by the applicable statutes of limitations; (2) that all DHSF’s claims were barred because they were compulsory counterclaims that were not asserted in a previous action between the parties; and (3)that DHSF’s fraudulent-misrepresentation claim was not pleaded with the required particularity. This order effectively vacated the previous order compelling arbitration, holding instead that Knight did not have to submit to arbitration because he had valid defenses to the claims asserted against him by DHSF. However, as we explained in Brasfield & Gorrie, a trial court in such circumstances is empowered only “to decide matters of ‘substantive arbitrability.’ ” 35 So.3d at 604. The issue whether DHSF’s claims were barred by the applicable statutes of limitations or because they were not assérted in a previous action between the parties, as well as whether DHSF’s fraud claim was pleaded with the required particularity, is wholly unrelated to whether a valid agreement to arbitrate exists or whether the identified *71 dispute falls within the scope of that agreement; accordingly, those arguments do not implicate matters of substantive arbitrability, and the circuit court erred by considering those arguments and dismissing DHSF’s complaint on that basis. The arguments raised by Knight in his motion to dismiss in fact relate to the ultimate viability of DHSF’s claims — not to the availability of arbitration — and they should accordingly be considered and ruled upon by the arbitrators, not by the circuit court.
Knight argues that this Court can nevertheless affirm the judgment of the circuit court because, he argues, DHSF waived its right to arbitrate its claims by not pursuing those claims during the eight-year period in which Knight’s action against DHSF was on the administrative docket pending arbitration. DHSF argues that it did not waive its claims and that the issue of waiver, like all the other issues Knight has raised, is for the arbitrators, not the court, to consider.
In Ocwen Loan Servicing, LLC v. Washington, 939 So.2d 6, 14 (Ala.2006), this Court stated that “whether a party has waived the right to arbitration by its conduct during litigation is a question for the court and not the arbitrator.” We further explained that “[i]n order to show waiver by litigation-related conduct, the party opposing arbitration must demonstrate that the movant has substantially invoked the litigation process_” 939 So.2d at 14. Washington therefore represents an exception to the general presumption in arbitration law that arbitrators should decide allegations of waiver. See, e.g., Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (quoting Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)) (“[T]he presumption is that the arbitrator should decide ‘allegation[s] of waiver, delay, or a like defense to arbitrability.’ ”).
That exception does not apply in this case, however, because Knight is not arguing that DHSF waived its right to arbitrate its claims by substantially invoking the litigation process. Rather, Knight is arguing that DHSF waived its arbitration rights based on its failure to pursue its claims in a timely fashion. See Knight’s brief, p. 15 (“[DHSF’s] conduct in sitting on its hands for almost a decade before seeking arbitration of its claims constitutes a waiver of its right to arbitration. Just as parties can waive their contractual right to arbitration by substantially invoking the litigation process, they can also waive such rights through dilatory conduct.”). An allegation of waiver such as this falls outside the exception articulated in Washington and is subject to the general rule that arbitrators should decide issues of waiver or delay; accordingly, we cannot affirm the judgment of the circuit court on this basis. See also Brasfield & Gorrie, 35 So.3d at 606-07 n. 1 (explaining that whether a party has waived its right to arbitration by substantially invoking the litigation process is a matter for the trial court because invoking the litigation process involves matters that occurred under the trial court’s watch; such a waiver is therefore distinguishable from a waiver based on other factors not involving litigation conduct).
III.
DHSF’s action against Knight alleges breach of contract, breach of fiduciary duties, and fraudulent misrepresentation. The circuit court initially granted DHSF’s motion to stay the case so that DHSF could arbitrate its claims pursuant to an arbitration provision in the partnership agreement entered into by the parties, but the circuit court subsequently vacated that *72 order and dismissed DHSF’s claims on the basis of the defenses asserted by Knight. However, because the defenses asserted by Knight concerned the ultimate viability of DHSF’s claims and not issues of substantive arbitrability, the circuit court erred by considering the merit of those defenses. Because there is no question but that there was a valid agreement between the parties to arbitrate claims such as those asserted by DHSF, arbitration was the proper forum in which to consider the defenses asserted by Knight. Accordingly, the judgment of the circuit court dismissing DHSF’s claims and implicitly vacating its eai'lier order compelling arbitration is reversed and the cause remanded to the circuit court so that DHSF can arbitrate its claims pursuant to the arbitration provision in the partnership agreement between the parties. All other issues raised by the parties on appeal are accordingly pretermitted.
REVERSED AND REMANDED.
LYONS, WOODALL, SMITH, and PARKER, JJ., concur.
MURDOCK, J., concurs specially.
SHAW, J., concurs in the result.
COBB, C.J., dissents.
BOLIN, J., recuses himself.

. DHSF attached as an exhibit to its motion the motion to compel arbitration it had filed in the earlier action initiated by Knight.