Mary E. MARLOWE and Leslie R. Marlowe,
Plaintiffs-Respondents,†

v.

IDS PROPERTY CASUALTY INSURANCE COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 2011AP2067. Submitted on briefs February 28, 2012.
—Decided March 13, 2012.*

2012 WI App 51

(Also reported in 811 N.W.2d 894.)

† Petition for Review granted 6/13/12.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael P. Konz* and *Erik L. Fuehrer* of *Gabert, Williams, Konz & Lawrynk, LLP* of Appleton.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Ralph J. Tease, Jr.* and *Rhonda L. Lanford* of *Habush Habush & Rottier, S.C.,* Green Bay.

Before Hoover, P.J., Peterson and Mangerson, JJ.

¶ 1. PETERSON, J.   IDS Property Casualty Insurance Company appeals a declaratory judgment restricting IDS's right to obtain discovery from its insureds, Mary and Leslie Marlowe, in a pending arbitration. The arbitration panel had previously interpreted a clause in the parties' arbitration agreement to allow IDS to conduct the full range of discovery permitted under WIS. STAT. ch. 804.[1] However, before any discovery was conducted, the circuit court independently interpreted the agreement and concluded the same clause restricted discovery to the procedures allowed under the Wisconsin Arbitration Act, WIS. STAT. ch. 788.

¶ 2.   IDS argues the circuit court erred because:   (1) a party generally may not seek immediate circuit court review of an arbitration panel's intermediate decision, but must instead wait to challenge that decision until the panel has rendered a final award; and (2) an arbitration panel has exclusive authority to interpret an arbitration agreement to determine what procedures the agreement allows.[2] We

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] The Marlowes contend IDS has forfeited its right to raise these issues on appeal because it never argued in the circuit

agree and reverse.[3]

## BACKGROUND

¶ 3.   IDS issued an automobile insurance policy to the Marlowes. The policy included uninsured motorist coverage. The uninsured motorist provision contained an arbitration agreement, which stated:

**Arbitration**

1. If we [IDS] and an **insured** do not agree:

   a. Whether that **insured** is legally entitled to recover damages; or

   b. As to the amount of damages which are recoverable by that **insured**;

---

court that the court could not interpret the arbitration agreement. The record belies the Marlowes' contention. In IDS's brief in support of its motion to stay the circuit court proceedings and compel arbitration, IDS clearly argued the arbitrators, not the circuit court, had authority to interpret the arbitration agreement.

[3] In the alternative, IDS argues:   (1) the Marlowes are equitably estopped from contesting the arbitration panel's authority to decide the discovery issue; and (2) the circuit court failed to apply the proper, deferential standard of review to the arbitration panel's decision and, using the correct standard of review, the panel's decision must be upheld. Because we decide the case on other grounds, we need not address IDS's alternative arguments. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

Furthermore, equitable estoppel requires proof of:   (1) an action or inaction (2) on the part of one against whom estoppel is asserted (3) that induces reasonable reliance by another (4) which is to his or her detriment. *Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 11–12, 571 N.W.2d 656 (1997). IDS does not address the third and fourth elements of equitable estoppel. We need not consider inadequately developed arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992).

> From the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.
>
> . . . .
>
> 3. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. . . .

¶ 4.   Following a car accident, the Marlowes asserted an uninsured motorist claim under the IDS policy. The parties agreed to arbitrate the claim, and a panel of three arbitrators was selected. IDS subsequently requested discovery from the Marlowes, including depositions, the production of medical records, and an independent medical examination. The Marlowes informed IDS they would not comply with its requests because, under Wis. Stat. § 788.07, discovery in arbitration is limited to taking depositions.[4] In response, IDS directed the Marlowes to the portion of the arbitration agreement stating, "Local rules of law as to procedure and evidence will apply." IDS argued that, under this provision, "the discovery procedures found in the Wisconsin statutes govern the scope and method of discovery[.]" The Marlowes disagreed and again refused to comply with IDS's requests.

---

[4] Wisconsin Stat. § 788.07 provides that, upon a petition approved by a majority of the arbitrators, a court "may direct the taking of depositions to be used as evidence before the arbitrators, in the same manner and for the same reasons as provided by law for the taking of depositions in suits or proceedings pending in the courts of record in this state."

¶ 5. IDS then moved the arbitration panel to decide the discovery issue. In response, the Marlowes submitted a letter brief to the panel arguing that the arbitration agreement did not define the scope of permissible discovery and the parties were therefore limited to depositions under Wis. Stat. § 788.07. They also alleged the panel "[did] not have the authority to address the issue that [IDS] has placed before it."

¶ 6. In October 2010, the panel issued a decision and order allowing discovery to the extent permitted by Wis. Stat. ch. 804, which governs discovery in civil litigation. The panel concluded that, because the arbitration agreement stated "local rules of procedure and evidence" would apply, the agreement unambiguously allowed for routine discovery according to "the civil rules of procedure that govern court proceedings daily in local courtrooms." The Marlowes subsequently asked the panel to reconsider its decision, submitting a five-page letter brief in which they argued the panel's interpretation was contrary to Wisconsin law. The panel then issued a supplemental decision and order confirming its earlier ruling.

¶ 7. After the panel issued its supplemental decision, IDS sent the Marlowes a new set of discovery requests. The Marlowes again refused to comply with IDS's requests. Instead, they filed a declaratory judgment action in the circuit court, asking the court to "declare that [IDS] is limited to discovery provided by [Wis. Stat.] § 788.07."[5] IDS moved to stay the circuit court proceedings and asked the court for an order compelling arbitration. IDS argued the arbitration

[5] Notably, the Marlowes' complaint did not ask the court to review the arbitration panel's order, nor did it alert the court that the arbitration panel had already decided the discovery issue.

panel, not the court, had the authority to determine the scope of discovery allowed by the arbitration agreement. Following a hearing, the court denied IDS's motion and instead granted the Marlowes' request for a declaratory judgment.

## DISCUSSION

### I. Court's authority to review an arbitration panel's intermediate rulings

¶ 8. On appeal, IDS contends the circuit court did not have authority to grant a declaratory judgment on the discovery issue because an arbitration panel's intermediate rulings are not reviewable by a court until after the panel has rendered its final award. The Wisconsin Arbitration Act states that, in certain circumstances, a circuit court may vacate or modify an arbitration panel's award. *See* WIS. STAT. §§ 788.10, 788.11. The Act does not specifically allow for or prohibit circuit court review of a panel's intermediate rulings. Whether intermediate rulings may be challenged in court before a final award is made appears to be an issue of first impression in Wisconsin.[6]

---

[6] IDS contends *Borst v. Allstate Insurance Co.*, 2006 WI 70, 291 Wis. 2d 361, 717 N.W.2d 42, illustrates that the proper time to challenge an arbitration panel's intermediate decision is after the panel has made its final award. In *Borst*, after an arbitration panel rendered its final award, the appellant moved to vacate the award pursuant to WIS. STAT. § 788.10, challenging, among other things, the panel's intermediate ruling on a discovery dispute. *Id.*, ¶¶ 10, 17, 53–54. While *Borst* demonstrates that it is possible to seek review of an arbitration panel's intermediate ruling on discovery after a final award has been made, it does not hold that interlocutory review is prohibited. Thus, *Borst* does not control the issue before us.

¶ 9. When applying the Wisconsin Arbitration Act, federal cases construing "nearly identical" provisions of the Federal Arbitration Act are persuasive authority. *See Borst v. Allstate Ins. Co.*, 2006 WI 70, ¶ 30 n.4, 291 Wis. 2d 361, 717 N.W.2d 42. Sections 10 and 11 of the Federal Arbitration Act, which allow a court to vacate or modify an arbitration award, are nearly identical to the corresponding provisions of the Wisconsin Arbitration Act. *Compare* 9 U.S.C. §§ 10, 11; WIS. STAT. §§ 788.10, 788.11. Our examination of federal case law has revealed multiple federal cases applying these provisions and concluding that an arbitration panel's intermediate rulings are not reviewable by a court until the panel has made a final award.

¶ 10. In *Compania Panemena Maritima San Gerassimo, S.A. v. J.E. Hurley Lumber Co.*, 244 F.2d 286 (2d Cir. 1957), the Second Circuit addressed the propriety of an interlocutory appeal to a federal district court during an arbitration proceeding. The court held it was not the proper function of the court system to hear interlocutory appeals regarding arbitration procedures —specifically, questions involving the admissibility of evidence. *Id.* at 288–89. The court noted that an arbitration panel's intermediate rulings on evidentiary issues may be reviewed after the panel renders a final award, pursuant to §§ 10 and 11 of the Federal Arbitration Act. *Id.; see also* 9 U.S.C. §§ 10, 11. Accordingly, because any "vital issues" could be raised in a challenge to the final award, allowing interlocutory appeals of an arbitration panel's intermediate rulings would "result only in a waste of time, the interruption of the arbitration proceeding, and [would] encourage delaying tactics in a proceeding that is supposed to produce a speedy decision." *Compania Panemena Maritima*, 244 F.2d at 289.

601

¶ 11.  The court further explained that the fundamental differences between court proceedings and arbitration disfavor interlocutory appeals:

> Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum of that part of a proceeding relating to the prehearing examination of witnesses or collection of evidence.

*Id.* at 290 (quoting *Application of Katz*, 160 N.Y.S. 2d 159, 161 (N.Y. App. Div. 1957)). The court therefore concluded, "It should not be the function of the District Court, after having ordered an arbitration to proceed, to hold itself open as an appellate tribunal to rule upon any questions of evidence that may arise in the course of the arbitration." *Id.* at 288.

¶ 12.  The Third Circuit reached a similar conclusion in *Travelers Insurance Co. v. Davis*, 490 F.2d 536 (3d Cir. 1974). There, the parties commenced arbitration on an uninsured motorist claim, pursuant to an arbitration clause in an insurance policy. *Id.* at 538. A dispute arose regarding the amount of coverage available under the policy. *Id.* The parties submitted briefs on the coverage issue to the arbitration panel, and the panel rendered a decision in favor of the insureds. *Id.* at 539. Travelers then filed a declaratory judgment action in federal district court, alleging the arbitration panel lacked authority to decide the coverage issue and asking the court for an independent ruling on coverage. *Id.* at 539–40. The district court dismissed Travelers' suit with prejudice, and the Third Circuit affirmed. *Id.* at 540–41, 545. The Third Circuit noted that Travelers'

suit did not arise under the Federal Arbitration Act, but if it did, dismissal would be required because an arbitration panel's preliminary rulings are not appealable under the Act until the panel makes a final award. *Id.* at 541–42 & n.12 (citing *Luff v. Ryan,* 128 F. Supp. 105 (D.C. Cir. 1955)). The court went on to affirm the dismissal of Travelers' suit under Pennsylvania law. *Id.* at 542, 545.

¶ 13.    Other federal cases have stated that prohibiting review of an arbitration panel's intermediate decisions promotes the policy considerations underlying the Federal Arbitration Act. *See Lloyd v. Hovensa, LLC,* 369 F.3d 263, 270 (3d Cir. 2004) (Federal Arbitration Act "reflects a policy decision that, if a district court determines that arbitration of a claim is called for, the judicial system's interference with the arbitral process should end unless and until there is a final award."); *Hart Surgical, Inc. v. Ultracision, Inc.,* 244 F.3d 231, 233 (1st Cir. 2001) ("The prerequisite of finality promotes the role of arbitration as an expeditious alternative to traditional litigation."); *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir. 1980) (arbitrators' preliminary rulings not reviewable because "most of the advantages inherent in arbitration are dissipated by interlocutory appeals to a district court"); *Ligon Nationwide, Inc. v. Bean,* 761 F. Supp. 633, 635–36 (S.D. Ind. 1991) (purpose of arbitration—speedy and inexpensive resolution of disputes—not served by allowing review of arbitrators' nonfinal decisions).

¶ 14.    Several federal cases have permitted interlocutory review of arbitration panels' intermediate decisions, but under limited and unusual circumstances not present here. For instance, in *Aerojet-General Corp. v. American Arbitration Ass'n,* 478 F.2d 248, 251 (9th Cir. 1973), the Ninth Circuit held that an arbitration

603

panel's intermediate ruling fixing venue may cause irreparable harm and, therefore, is immediately reviewable in extreme cases when review is necessary to prevent a manifest injustice. *See also S. J. Groves & Sons Co. v. American Arbitration Ass'n*, 452 F. Supp. 121, 124 (D.C. Minn. 1978) (arbitrators' decision on venue only reviewable "in exceptional circumstances to prevent a grave injustice"). This case does not involve a dispute over venue, and the Marlowes have not alleged that exceptional circumstances are present or that review is necessary to prevent a manifest injustice.

¶ 15.    Other courts have held that "interim" arbitration awards are reviewable when immediate review is necessary to preserve assets to prevent a potential final award from becoming meaningless. *See Yasuda Fire & Marine Ins. Co. v. Continenal Cas. Co.*, 37 F.3d 345, 347–48 (7th Cir. 1994) ("interim order of security" requiring insurer to post letter of credit is reviewable as a final award); *Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1022–23 (9th Cir. 1991) ("interim final order" setting up escrow account is reviewable as a final award). Here, there is no allegation that review of the panel's intermediate decision on discovery is necessary to preserve assets for a potential final award.

¶ 16.    Finally, in *Publicis Communication v. True North Communications, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000), the Seventh Circuit considered whether an arbitration panel's order that Publicis turn over tax records to True North was reviewable. The court found the order was final, and therefore reviewable under the Federal Arbitration Act. *Id.* The court distinguished discovery orders, stating, "Discovery involves compiling information needed to reach a resolution; it is an early step in moving toward the end result." *Id.* In contrast,

the arbitrators' order to produce the tax records was a decision on "the whole ball of wax . . . . Producing the documents wasn't just some procedural matter—it was the very issue True North wanted arbitrated." *Id.* In this case, the parties' discovery dispute is a procedural matter and does not go to the heart of the substantive issue the parties want arbitrated.

¶ 17.  Furthermore, the *Publicis* court emphasized the urgent nature of True North's request for the tax documents, concluding that a ruling on a discrete, time-sensitive issue may be ripe for review even though the arbitrators still need to address other claims. *Id.* The Marlowes have not alleged that IDS's discovery requests present an urgent or time-sensitive issue requiring immediate review of the arbitration panel's ruling.

¶ 18.  In summary, we agree with the reasoning of those federal cases holding that an arbitration panel's intermediate decisions are generally not immediately reviewable. If every individual decision of an arbitration panel were separately and independently reviewable by a circuit court, the advantages of arbitration would become meaningless, as both litigation costs and delay would increase significantly. *See Borst*, 291 Wis. 2d 361, ¶ 61 (purpose of arbitration is to resolve "entire controversy" out of court without formality and expense normally associated with judicial process). Accordingly, we conclude a party generally may not seek immediate circuit court review of an arbitration panel's intermediate decision.[7] Instead, the party must wait and challenge that decision by seeking to vacate the

---

[7] We need not resolve here whether exceptions to the rule exist in cases of exigent circumstances.

panel's final award, pursuant to Wis. Stat. § 788.10. The circuit court's order in this case must therefore be reversed.

## II. Arbitration panel's authority to decide procedural questions

¶ 19.   We also conclude the court's order must be reversed for a second reason. The court was called upon to determine the scope of discovery permitted by the parties' arbitration agreement. However, arbitrators, not courts, have exclusive authority to interpret arbitration agreements to determine what procedures they permit.[8]

¶ 20.   *Employers Insurance of Wausau v. Certain Underwriters at Lloyd's London*, 202 Wis. 2d 673, 552 N.W.2d 420 (Ct. App. 1996), illustrates this principle. In *Employers*, the parties' arbitration agreement required each party to "submit its case" to the arbitrators within thirty days of the arbitrators' appointment. *Id.* at 684. The parties finished selecting the arbitration panel on May 22, 1995, and Employers submitted its statement of the case on June 21. *Id.* Employers' statement requested further discovery, which Lloyd's opposed. *Id.* The panel decided to allow further discovery, but only to the extent the panel requested. *Id.*

¶ 21.   After the panel rendered an award in favor of Employers, Lloyd's moved the circuit court to vacate the award, arguing the panel erred by allowing discovery after the arbitration agreement's thirty-day dead-

---

[8] Although it is not strictly necessary for us to reach this issue, we nevertheless exercise our discretion to do so because it presents an issue of significant importance.

606

line had passed. *Id.* at 679–80. We concluded the agreement's requirement that each party "submit its case" within thirty days of the panel's appointment was ambiguous. That phrase could reasonably mean that the parties were required to submit all of their factual materials and arguments within thirty days, or it could reasonably mean that the parties must introduce only their arguments within thirty days. *Id.* at 685. Under the latter interpretation, the panel would have discretion to permit continued discovery after the thirty-day deadline had passed, if it needed additional information to resolve the case. *Id.* We therefore concluded:

> Because the language in the agreement is vague and indefinite as to exactly what procedures should be used to arrive at that determination, *it is within the province of the arbitration panel, as the interpreter of the contract language, to devise such procedures as it considers necessary to reach a decision,* as long as those procedures are compatible with the contract language and do not violate the law.

*Id.* at 686 (emphasis added).

¶ 22. Like *Employers*, this case involves a procedural dispute over the scope of discovery allowed under an arbitration agreement. IDS asked the arbitration panel to interpret the parties' agreement and determine the extent of discovery permitted by the phrase, "Local rules of law as to procedure and evidence will apply." During arbitration, the Marlowes conceded that the phrase in question was ambiguous and could reasonably be read to permit the full scope of discovery allowed by WIS. STAT. ch. 804. Under *Employers*, the panel had exclusive authority to interpret the ambiguous phase and determine how much discovery the arbitration agreement permitted.

607

¶ 23. United States Supreme Court precedent confirms that procedural questions are for the arbitrator to decide. The Court has explained that arbitrators, not courts, have authority to decide procedural questions that grow out of the parties' dispute and bear on its final disposition. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). In *Howsam*, the Court determined that the applicability of an arbitration rule promulgated by the National Association of Securities Dealers was a procedural question for the arbitrators to decide. *Id.* at 81, 84–85. In *John Wiley*, the Court held that whether the first two steps of a grievance procedure had been completed was a procedural issue that should be left to the arbitrator. *John Wiley*, 376 U.S. at 557. Relying on *Howsam*, at least one federal court and one state court have stated that discovery disputes present procedural questions that should be decided by arbitrators, not courts. *See Kristian v. Comcast Corp.*, 446 F.3d 25, 43 (1st Cir. 2006) ("Any dispute over discovery would be procedural in nature, and therefore left for an arbitrator to resolve."); *see also Dudley, Hopton-Jones, Sims & Freeman, PLLP v. Knight*, 57 So. 3d 68, 73 & n.3 (Ala. 2010).

¶ 24. The Marlowes argue that our conclusion conflicts with the Wisconsin Supreme Court's holding in *Borst*, 291 Wis. 2d 361. However, the Marlowes read *Borst* too broadly. Borst brought a first-party uninsured motorist claim against his insurer, Allstate. *Id.*, ¶ 5. Allstate determined Borst was fifty percent liable for the accident and therefore offered to pay him only $5,000. *Id.*, ¶¶ 6–7. Borst rejected Allstate's offer, and the parties proceeded to arbitration under the policy's arbitration clause. *Id.*, ¶ 8.

608

¶ 25. After the arbitration panel was selected, Allstate served Borst with interrogatories, document demands, and authorizations to obtain medical records. *Id.*, ¶ 10. Borst moved the arbitration panel to quash Allstate's discovery demands, but the panel ordered Borst to cooperate with the requested discovery and submit to a deposition. *Id.* The panel ultimately determined Borst was fifty percent liable for the accident and awarded him only $1,765.50. *Id.*, ¶ 16. Borst moved to vacate the panel's award, but the circuit court confirmed it. *Id.*, ¶ 17.

¶ 26. On appeal, the supreme court examined the arbitration agreement to determine whether any part of it arguably addressed the nature and extent of discovery. *Id.*, ¶ 53. The court determined the agreement was silent as to the scope of discovery and that, "absent a contractual provision specifying how discovery will be handled," an arbitrator has no inherent authority to order discovery. *Id.*, ¶¶ 53, 59. Accordingly, the court concluded the parties were limited to the depositions permitted by Wis. Stat. § 788.07 and the arbitrators erred by ordering additional discovery. *Id.*, ¶¶ 58–59.

██

¶ 27. *Borst* illustrates that, while an arbitrator lacks inherent power to order additional discovery beyond the taking of depositions, parties to an arbitration agreement are free to draft the agreement to allow for a broader range of discovery. *See id.*, ¶ 59. When the parties do so, the arbitration panel has authority to interpret the agreement and determine what discovery it permits. *See Employers*, 202 Wis. 2d at 686. *Borst* involved an arbitration agreement that did not arguably reference discovery at all. *See Borst*, 291 Wis. 2d 361, ¶ 8. Accordingly, there was nothing for the arbi-

tration panel to interpret, and the panel erred by ordering discovery outside the bounds of WIS. STAT. § 788.07. In contrast, the arbitration agreement in this case stated, "Local rules of law as to procedure and evidence will apply." This phrase arguably refers to the scope of discovery.[9] Thus, under *Borst* and *Employers*, the panel was entitled to interpret the phrase and determine the scope of discovery it allowed. The circuit court therefore erred by independently interpreting the arbitration agreement and determining that it did not permit any discovery beyond the taking of depositions.

*By the Court.*—Judgment reversed.

[9] Again, during arbitration, the Marlowes conceded that this phrase was ambiguous and that the arbitration panel could reasonably conclude the phrase allowed the full range of discovery permitted by WIS. STAT. ch. 804.